I vote to reverse the judgment and order a new trial.

BREITEL and BOTEIN, JJ., concur with FRANK, J.; PECK, P. J., dissents and votes to reverse and order a new trial in opinion in which BERGAN, J., concurs.

Judgment affirmed.

KNAPP ENGRAVING Co. INC., Appellant, *v.* KEYSTONE PHOTO ENGRAVING CORP., Respondent, et al., Defendants.

First Department, February 14, 1956.

*Maurice Knapp* for appellant.

*Maurice V. Seligson* for respondent.

BOTEIN, J.  Plaintiff sues to restrain defendants from carrying on a conspiracy to divert its customers and employees to defendant Keystone Photo Engraving Corp.  Keystone has asserted two counterclaims, and plaintiff appeals from the denial of its motion to dismiss both counterclaims for insufficiency.

The first counterclaim alleges in substance that plaintiff, entering into negotiations with Keystone concerning a proposed sale or merger, agreed that all information received during the negotiations would remain confidential; that in reliance thereon Keystone disclosed confidential information about its operations; and that plaintiff thereafter falsely and maliciously circulated defamatory information to the trade that defendant was insolvent and about to go out of business.

The second counterclaim alleges that the instant action is without foundation and was instituted and publicized by plaintiff with full knowledge of its invalidity, for the purpose of intimidating Keystone's customers and eliminating Keystone as a competitor.

Keystone, while contending that the gravamen of the first counterclaim is the malicious circulation of false and defamatory information, does not allege the false and defamatory informa-

tion *in haec verba,* or set forth special damages (see *Al Raschid* v. *News Syndicate Co.,* 265 N. Y. 1, and *Locke* v. *Benton & Bowles,* 253 App. Div. 369).

It attempts to justify the omission of these conventional tort requirements on the ground that the counterclaim should be regarded as a " prima facie tort ". A cause of action, however, must be judged by its allegations, not its label. A prima facie tort derives from the ancient form of action on the case, covering those situations where intentional harm has been inflicted, resulting in damage, by an act or series of acts which might otherwise be lawful and which do not fall within the categories of traditional tort actions (*Aikens* v. *Wisconsin,* 195 U. S. 194; *Opera on Tour* v. *Weber,* 285 N. Y. 348; *American Guild of Musical Artists* v. *Petrillo,* 286 N. Y. 226; *Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79; *Brandt* v. *Winchell,* 283 App. Div. 338, amended complaint dismissed 286 App. Div. 249).

In *Ruza* v. *Ruza* (286 App. Div. 767, 770) we recently said that " where specific torts account for all the damages sustained, whether provable as general damages or pleadable and provable as special damages, prima facie tort does not lie." If, as could be inferred from a reading of the first counterclaim, Keystone was damaged by plaintiff's fraudulent misrepresentations and campaign of defamation, it can recover all the damages afforded by the law through the medium of the so-called " traditional remedies ". But its causes of action must be properly pleaded, meeting the well-grooved requirements. If it intends to rely on prima facie tort, consisting of the disclosure of factually accurate and legally obtained information, secured and disseminated for the purpose of maliciously causing it injury, then its pleading should conform to the norms enunciated in the *Brandt* v. *Winchell* cases (*supra*).

Different considerations apply to the second counterclaim. On analysis, it offers the technical ingredients of a prima facie tort. While Keystone alleges that plaintiff's instant action is baseless and invalid and brought in order to inflict intentional damage without justification, considerations of public policy require that this counterclaim be dismissed at this time. The establishment of a plaintiff's good faith in instituting an action is sometimes material to the successful prosecution of his claim and may properly be explored as bearing on his right to recovery. The trial medium can integrate such an inquiry into the trial of the cause of action thus challenged for bad faith. It is another matter, however, to introduce into the trial a separate and

distinct cause of action affirmatively seeking judgment and damages for the unjustifiable and malicious prosecution of the complaint itself (see *Murphy* v. *Appelli,* 273 App. Div. 261). Such a cause of action lowers the dam for a second main stream of evidence, with its own bundle of facts and law, its own burden of proof and measure of damages, and might impede or divert the progress of the plaintiff's main stream of evidence.

When, as here, a counterclaim of this nature might well make a shambles of controversies already sufficiently complex, the court must address itself to its diuturnal task of balancing the consequences to the parties. Assuming, as we must in such an equation, that both the plaintiff's complaint and the defendant's counterclaim are meritorious, it would appear that there is grave danger that the merits of plaintiff's claim could easily be obscured or founder under the impact of so dramatic a counterclaim. Or, just as mischievous, the merits of defendant's claim may be prejudiced by the presentation of plaintiff's case.

On the other hand, if after trial it turns out that plaintiff's action was without basis, defendant could proceed with a separate action. It would suffer only the inconvenience of a short delay, which might prove to be a boon; and could scarcely complain of an opportunity to present its claim in a less complicated frame. In the interests of justice the second counterclaim should be stricken, without prejudice to the bringing of a separate action (Civ. Prac. Act, § 262). Furthermore, the second counterclaim is not pleaded as fully as is desirable in a cause of action of this nature. If Keystone is advised to bring a separate cause of action based on a prima facie tort, it should plead the alleged tort and especially the alleged damages with the particularity we have specified in the *Brandt* v. *Winchell* cases (*supra*).

The order of the court below should be reversed, and the motion to dismiss the counterclaims granted, with leave to replead the first counterclaim.

PECK, P. J., COX, FRANK and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motions to dismiss the counterclaims granted, with leave to replead the first counterclaim. Settle order on notice.