**SELAS CORPORATION OF AMERICA**

v.

**WILSHIRE OIL COMPANY OF TEXAS et al.**

Civ. A. No. 71-2253.

United States District Court,
E. D. Pennsylvania.

July 13, 1972.

David P. Bruton, Lawrence J. Fox, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff.

Jean S. Riskin, pro se.

Milton S. Lazaroff, Philadelphia, Pa., for Kelley.

## OPINION AND ORDER

JOSEPH S. LORD, III, Chief Judge.

Plaintiff, Selas Corporation of America ("Selas"), brought this action against a number of corporate and individual defendants seeking, inter alia, an injunction to prevent the defendants from acquiring a controlling interest in Selas, allegedly in violation of the Williams Act amendments to the Securities Exchange Act of 1934, 15 U.S.C. §§ 78m and 78n, as amended, and the Federal Bank Holding Company Act, as amended, 12 U.S.C. § 1843. The sworn complaint alleges that, since sometime before April 1, 1971, the defendants, acting in concert and under the domination of defendants Siggi B. Wilzig and Wilshire Oil Company of Texas, had participated in an unlawful plan to take control of Selas by acquiring ownership or control of more than 5% of the outstanding Selas shares without, among other things, filing with Selas the statements of disclosure required under the Williams Act amendments to the Securities Exchange Act of 1934.

The complaint in this action sets forth specific allegations concerning the alleged unlawful acquisition of stock by the defendants, and the damaging effects which these activities had on the company's business. The affidavit of Ernst A. Seimsson, President of Selas, attached to the motion for summary judgment, avers that defendants Kelley and Riskin were named in the complaint as members of the Wilzig group because Mr. Wilzig himself provided Selas with a written list of parties whom he identified as his associates in his admitted effort to force Selas to grant him representation on the Selas Board of Directors and Executive Committee. This written list, attached to Selas' answers to interrogatories of defendant Kelley, previously filed in this action, contains the names of Howard R. Kelley and Jean B. Riskin.

While both defendants Kelley and Riskin deny that they were part of any plan, neither defendant denies that the names were furnished to Selas as stated.

On October 13, 1971, defendant Kelley filed an answer to the complaint and a counterclaim charging plaintiff with libel and defamation (paragraph 3), malicious prosecution (paragraphs 2, 3 and 5) and abuse of process (paragraph 7). On October 23, 1971, defendant Riskin filed an answer and a counterclaim identical to defendant Kelley's. On November 16, 1971, by stipulation signed by this court, this action was terminated with respect to all defendants except Kelley and Riskin (hereinafter referred to as "defendants"), who were the only defendants who had filed counterclaims. Under the terms of the settlement stipulation, defendants Wilshire, The Trust Company of New Jersey (a bank controlled by Wilshire) and Wilzig (who together held nearly 8% of Selas' outstanding stock) agreed to divest themselves of all of their shares on or before November 1, 1974, and in the meantime to vote their shares in favor of the slate of directors chosen by Selas management at any Selas stockholders' meeting. These three defendants also agreed not to participate directly or indirectly in the formation of any group to take control of Selas.

Selas now moves for summary judgment on the counterclaims of Kelley and Riskin arguing that (1) the allegations in the complaint are absolutely privileged and therefore cannot provide the basis for a libel claim; (2) malicious prosecution cannot lie because a necessary precondition to any such claim is that the action must first have been terminated favorably to defendants Kelley and Riskin, and such termination has not occurred; and (3) no action for abuse of process will lie because no process has been abused—that is, there must have been some wilful or improper use of process resulting in the wrongful sei-

zure of the person or property of the complaining parties, none of which has occurred here.

■ Since the operative facts, i. e., the filing of and the allegations in the complaint occurred in Pennsylvania, we must apply Pennsylvania law, and under that law, it is clear that where allegations in a pleading are "pertinent, relevant and material to any issue in a civil suit, there is no civil liability for making any of them. Moreover, if questioned or challenged by the opposite party, all reasonable doubts (if any) should be resolved in favor of relevancy and pertinency and materiality." Greenberg v. Aetna Insurance Co., 427 Pa. 511, 514–515, 235 A.2d 576, 578 (1967).

■ We have examined the complaint against this standard and from the nature of the relief sought and the facts necessary to state a cause of action, we are convinced that the allegations of which defendants complain were pertinent, relevant and material, and hence, absolutely privileged.

■ Those portions of the counterclaims sounding in malicious prosecution do not and of course could not, allege a termination of the action favorably to defendants. Such an allegation "is the *sine qua non* of a malicious prosecution claim." Gaito v. Strauss, 249 F.Supp. 923, 932 (W.D.Pa., 1966), aff'd 368 F.2d 787 (C.A.3, 1966). Had the charge of malicious prosecution been asserted in an original complaint rather than in a counterclaim, the complaint would have lacked an essential element of the cause of action and would have been fatally defective. This is no less true of the counterclaims.

Defendants suggest that we should nonetheless permit their counterclaims to remain. Defendants refer us to Mayflower Industries v. Thor Corporation et al., 15 N.J.Super. 139, 83 A.2d 246 (1951). In that case, defendant filed a counterclaim alleging that plaintiff's action constituted malicious prosecution. There was no motion to dismiss the counterclaim until after the plaintiff's

action had been dismissed with prejudice. Thereafter, plaintiff moved for summary judgment on the ground that the litigation alleged to have been maliciously initiated had not terminated when the counterclaim was filed. Recognizing that the *"sine qua non"* of termination had in fact occurred, the court said, at page 149, 83 A.2d at page 251:

" * * * Accordingly, defendant's counterclaim should not be subjected to the summary disposition sought by the plaintiff, only to have the action immediately reinstituted as an independent suit."

Further, defendant was permitted to amend its counterclaim to allege termination.

The present case is significantly different. Here, plaintiff's complaint would seem to involve somewhat complex and technical proof. Its case in chief would involve none of the elements basic in a malicious prosecution claim,—malice, probable cause, improper motive, etc. After defendants' case, plaintiff would again be required to present its evidence in defense of the malicious prosecution claim, with the very real danger that the co-mingling of the plaintiff's claim with those of defendants' counterclaims would seriously prejudice one or the other of the parties.

We have no Pennsylvania cases dealing with the assertion of a malicious prosecution claim in a counterclaim. However, in Knapp Engraving Co. v. Keystone Photo Engraving Corp., 1 A. D.2d 170, 148 N.Y.S.2d 635 (1956), Justice Botein said, at pages 637–638:

"While [defendant] alleges that plaintiff's instant action is baseless and invalid and brought in order to inflict intentional damage without justification, considerations of public policy require that this counterclaim be dismissed at this time. * * * Such a cause of action lowers the dam for a second main stream of evidence, with its own bundle of facts and law, its own burden of proof and measure of damages, and might impede or divert

the progress of the plaintiff's main stream of evidence."

And in a similar case, Rosemont Enterprises, Inc. v. Random House, Inc., 261 F.Supp. 691 (S.D.N.Y.1966), Judge Weinfeld said, at page 698:

"If the counterclaim were permitted in this action, it 'might well make a shambles of controversies already sufficiently complex.' "

█ We are persuaded here that the malicious prosecution count is premature and that it should not be tried with plaintiff's complaint. However, we will deny plaintiff's motion for summary judgment and dismiss this count without prejudice to the commencement of a separate action.

Finally, as to the count for malicious abuse of process (counterclaims, paragraph 7), the action is deficient in at least three particulars. *First,* just as in malicious prosecution cases, Pennsylvania law requires "that the original actions finally ended in failure." Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 349, 32 A.2d 413, 415 (1943); Dumont T & R Corp. v. Franklin Electric Co., 397 Pa. 274, 279, 154 A.2d 585 (1959). *Second,* in Mayer v. Walter, 64 Pa. 283 (1870), the court said, at pages 285–286:

"There is a distinction between a malicious use and a malicious abuse of legal process. An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it."

This is still good law in Pennsylvania. Publix Drug Co. v. Breyer Ice Cream Co., *supra.* There is nothing in the pleadings, affidavits or anywhere else in the record to suggest that the complaint here was used for any purpose other than a perfectly lawful one, injunctive relief against alleged violations of federal law. It cannot be said that there has been a perversion of legal process. Third, in Publix Drug Co., *supra,* the court said, 347 Pa. at pages 349–350, 32 A.2d at page 415:

"There is here, however, a controlling bar to recovery. We have consistently held in this state that in an action for malicious use of legal process the action will not lie if there be no interference with the plaintiff's person or his property."

*See also* Sachs v. Levy, 216 F.Supp. 44 (E.D.Pa.1963). Again, the record leaves no doubt that this requirement has not been satisfied.

For the foregoing reasons, we enter the following

## ORDER

AND NOW, this 13th day of July, 1972, it is ordered as follows:

(1) Plaintiff's motion for summary judgment as to those portions of the counterclaims of defendants Howard R. Kelley and Jean B. Riskin sounding in libel and malicious abuse of process (paragraphs 3 and 7) is granted.

(2) Plaintiff's motion for summary judgment as to those portions of the said counterclaims sounding in malicious prosecution (paragraphs 2, 3, and 5) is denied, and said portions of the counterclaims are dismissed, but without prejudice to the commencement of separate actions at an appropriate time.