EUGENE E. DRAGO, Appellant, v MADELINE BUONAGURIO, as
Administratrix of the Estate of FRANCIS BUONAGURIO,
Deceased, et al., Respondents.

Third Department, February 23, 1978

284

---

## APPEARANCES OF COUNSEL

*Harold E. Blodgett* for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore (James S. Carter* of counsel), for respondents.

## OPINION OF THE COURT

SWEENEY, J.

The question presented on this appeal is whether the complaint states facts sufficient to constitute a cause of action. Special Term determined it did not and dismissed. We arrive at a contrary conclusion and, therefore, must reverse.

The complaint alleges that plaintiff, a doctor, and others, were sued in an action brought by defendant Madeline Buonagurio, as administratrix of the estate of Francis Buonagurio, deceased, wherein it was alleged that because of certain specified acts of malpractice committed by plaintiff, Francis Buonagurio died and his estate sustained damage in the sum of $1,500,000; that said action was commenced at the direction of the defendant attorney Brownstein; that, in fact, plaintiff never had Francis Buonagurio as a patient during the illness which allegedly caused his death, nor did he treat him directly or indirectly during said illness; that no basis existed for designating plaintiff as a defendant in said action; that it was done indiscriminately and as a discovery device in order to ascertain where responsibility could be placed; that defendant Brownstein's actions were, among other things, malicious, unethical and grossly negligent; and that plaintiff suffered much mental anguish, defamation of character and was otherwise damaged.

As we are concerned solely with the sufficiency of the complaint, the factual allegations are accepted as true *(Kober v Kober,* 16 NY2d 191), and the complaint should not be dismissed merely because it is inartistically drawn *(Foley v D'Agostino,* 21 AD2d 60). Furthermore, the complaint should be liberally construed and if any cause of action can be discerned from the facts alleged, it should not be dismissed

*(Torrey Delivery v Chautauqua Truck Sales & Serv.,* 47 AD2d 279).

In order to resolve the controversy it is necessary to analyze the complaint in light of the various possible tort causes of action that might be spelled out from it. Although it contains many of the elements common in traditional theories of tort, it does not fit neatly into any of them. While malice is alleged, the necessary ingredient of interference with plaintiff's person or property required for malicious prosecution is lacking *(Williams v Williams,* 23 NY2d 592, 596). Also lacking is an allegation that the malpractice action against plaintiff terminated in his favor *(Lewis v Village of Deposit,* 40 AD2d 730, affd 33 NY2d 532). Since an attorney in this State is not liable to third parties for negligence in performing services for his client, a cause of action so based on negligence cannot prevail *(Joffe v Rubenstein,* 24 AD2d 752, app dsmd 21 NY2d 721). A careful reading of the complaint requires consideration of a possible cause of action for abuse of process. Here again, a necessary prerequisite is missing. The gist of such a cause of action is the improper use of process after it has been issued, and there must be an unlawful interference with one's person or property under color of process *(Williams v Williams, supra).* The summons in the malpractice action against plaintiff was properly issued to institute the action and there is no allegation of improper use of process thereafter. Finally, the statutory offense of barratry was repealed in 1965 (L 1965, ch 1030).

Must we conclude, therefore, that since the traditional theories of tort do not appear to afford relief to plaintiff, he has no remedy? We think not, for the law should never suffer an injury and a damage without a remedy *(Kujek v Goldman,* 150 NY 176; *Halio v Lurie,* 15 AD2d 62; cf. *Fischer v Maloney,* 43 NY2d 553).

We pass to a consideration of the more innovative theory designated prima facie tort which was first enunciated by Mr. Justice HOLMES in *Aikens v Wisconsin* (195 US 194). Thereafter, it was recognized by many States, including New York *(Opera on Tour v Weber,* 285 NY 348). It has been defined as the intentional infliction of harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful *(Coopers & Lybrand v Levitt,* 52 AD2d 493) and which acts do not fall within the categories of traditional tort *(Knapp Engraving Co. v Keystone Photo En-*

*graving Corp.,* 1 AD2d 170, 172). Factually, the instant case is unique. An action was commenced against plaintiff, a doctor, charging him with malpractice which contributed to the death of a patient. Plaintiff alleges that he, in fact, had no association with the patient, either directly or indirectly. Manifestly, plaintiff could not have been guilty of malpractice under such circumstances. Furthermore, it is alleged that the purpose in designating plaintiff a defendant by attorney Brownstein was to examine plaintiff in order to ascertain where responsibility could be placed. The obvious purpose, therefore, was to benefit the attorney and his client and the natural consequence thereof caused apparent foreseeable harm to plaintiff. The act was not only intentional and wrongful, but under the unusual circumstances alleged, irresponsible and without justification.

■ The fact that a cause of action is new, novel or nameless should not deprive an injured person of a remedy. The law of torts is not static. The reported cases clearly demonstrate that new and nameless torts are being recognized constantly to cope with society's economic, social and technological changes (Prosser, Torts [4th ed], p 3). The progress of the common law is marked by many cases of first impression. The instant case has its genesis in the drastic increase in the number of medical malpractice actions during recent years, many of which are considered baseless by members of the medical profession. Considering the complaint in its entirety, and viewing it liberally, as we must (CPLR 3026), and in light of recent case law, we are of the view that it does allege a cause of action which should be cognizable at law *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 405-406; *Morrison v National Broadcasting Co.,* 24 AD2d 284, revd on other grounds 19 NY2d 453; see Birnbaum, "Physicians Counterattack: Liability of Lawyers for Instituting Unjustified Medical Malpractice Actions", 45 Fordham L Rev 1003). It is immaterial and unimportant whether we label the instant cause of action one of prima facie tort or something else.

In summary, we conclude that under the unique facts of this case, a clear intentional wrong, causing apparent and foreseeable harm to plaintiff, without excuse or justification, has been alleged, and we are not persuaded by any argument advanced by defendant to justify denying plaintiff his day in court. Upholding the sufficiency of this complaint does not mean that plaintiff will ultimately succeed on the trial of his

allegations, nor should this opinion be read as creating or recognizing a distinctly new cause of action whenever a physician escapes malpractice liability and claims he was wrongfully charged in the first place (cf. *Aquilina v O'Connor,* 59 AD2d 454).

The order should be reversed, on the law, with costs.

MAHONEY, P. J., GREENBLOTT, KANE and HERLIHY, JJ., concur.

Order reversed, on the law, with costs.