■ REUBEN HOPPENSTEIN, Appellant, v ELLIOT ZEMEK et al., Doing Business as ZEMEK & PUSKULDJIAN, Respondents, et al., Defendants.—In an action, *inter alia*, to recover damages for malicious prosecution, abuse of process and prima facie tort, arising out of a prior action against the plaintiff physician for medical malpractice, plaintiff appeals from a judgment of the Supreme Court, Westchester County, dated May 18, 1977, which dismissed the first, second, third and fourth causes of action of the amended complaint as against defendants Zemek and Puskuldjian, doing business as Zemek & Puskuldjian, pursuant to CPLR 3211 (subd [a], par 7). Judgment affirmed, with $50 costs and disbursements. Edward Napiura died at Beekman-Downtown Hospital at approximately 12:30 P.M. on September 2, 1970. He had been brought into Beekman about 10 hours earlier after an apparent fall down a flight of steps. The cause of death was cardio-respiratory failure, triggered by a cerebral edema. Napiura's next of kin commenced a wrongful death action against Beekman and two physicians, the plaintiff and a Dr. James. The complaint therein charged the defendants with medical malpractice in failing to make a timely and proper diagnosis of decedent's condition and to exercise reasonable care and skill in treatment. The case was eventually settled by stipulation, after just one day of trial, by discontinuance as to all defendants for the sum of $75,000, to be paid entirely by Beekman. Thereafter, the plaintiff commenced this action against Napiura's next of kin and their attorneys, the respondents herein. Essentially, the amended complaint charges that the plaintiff had been wrongfully joined as a party defendant in the malpractice action with the deliberate intent of forcing a settlement from his insurer and/or codefendant Beekman, and of using him as an expert witness, without remuneration, against his codefendants. Upon the respondents' motion, Special Term dismissed the first through fourth causes of action, sounding in abuse of process, malicious prosecution and prima facie tort, and seeking punitive damages. We affirm. "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure" (*Burt v Smith*, 181 NY 1, 5). The cause of action for malicious prosecution is fatally defective in that it fails to allege interference with plaintiff's person or property by the use of some incidental remedy, which is a necessary element where the prior proceeding was purely civil in nature (see *Williams v Williams*, 23 NY2d 592, 596, n 2; *Burt v Smith, supra; Drago v Buonagurio*, 61 AD2d 282; *Chappelle v Gross*, 26 AD2d 340; *Metromedia, Inc. v Mandel*, 21 AD2d 219, affd 15 NY2d 616); as to the cause of action for malicious prosecution, the record fails to establish that the termination of the prior malpractice action was in plaintiff's favor (see, e.g., *Pagliarulo v Pagliarulo*, 30 AD2d 840). As respects the latter failure, we note that, although the plaintiff's attorney did not orally "so stipulate", the stipulation of settlement and discontinuance was entered into by the attorneys "for the respective parties" and read into the record in the presence of the plaintiff's attorney. It must also be noted with respect to the allegations of probable cause and actual malice, that the plaintiff had concededly been involved in decedent's treatment, at least to the extent of advising the performance of an emergency angiogram. A cause of action for

abuse of process strikes at "the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process" *(Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO* 38 NY2d 397, 400). It fails in this action because the mere institution of a civil action by summons and complaint is not legally considered such process as is capable of being abused (see *Williams v Williams, supra; Drago v Buonagurio, supra; Osinoff v Muchnick,* 53 AD2d 858). Finally, we are of the opinion that appellant also fails to make out a case of prima facie tort on these facts. Aside from the necessity for pleading special damages, the record fails to establish the oppression and harassment by legal procedure, or intentional infliction of economic damage without excuse or justification, which the Court of Appeals envisioned in *Farmingdale (supra)* or *ATI, Inc. v Ruder & Finn* (42 NY2d 454).* In the light of the foregoing, the cause of action for punitive damages was properly dismissed as well. Hopkins, J. P., Hawkins and O'Connor, JJ., concur; Shapiro, J., concurs in the result.

---

* Nor are the facts here analogous to the "unique" facts obtaining in *Drago v Buonagurio (supra),* where the Third Department upheld a cause of action for prima facie tort. There the plaintiff doctor alleged that he, in fact, had no association with the patient, either directly or indirectly, during the illness allegedly causing his death. Under those circumstances, that plaintiff could not possibly have been guilty of malpractice. Here, the plaintiff doctor concededly did have some involvement in the treatment of the decedent.