OPINION OF THE COURT
Bentley Kassal, J.
issue
The principal issue, raised on this motion to dismiss the third and fourth counterclaim, is whether a counterclaim, alleging a violation of antitrust laws, may be interposed in a breach of contract action?
FACTS
The plaintiff is in the business of conducting market and media research surveys. The defendant, a publisher of a number of nationally known magazines, contracted for the plaintiff’s services for the year, commencing the spring of 1978, for a fee of $84,224, payable in four quarterly installments.
Upon the failure of the defendant to make the first two payments, the plaintiff commenced this action seeking damages for its services rendered. The affirmative defenses and counterclaims interposed all relate to the fact that, before the fall of 1978, the plaintiff merged with its only *119 competitor and discontinued providing the services under the contract.
LAW
The defendant’s first and second counterclaims allege breach of contract. The third counterclaim pleads that the plaintiff did not intend to be bound by the agreement when it was entered. This does not, in itself, state an actionable fraud but merely, “a willingness to risk paying damages for breach of contract”. (Briefstein v Rotondo Constr. Co., 8 AD2d 349, 351.) It is essentially a restatement of the first counterclaim for breach of contract and is not sufficient to support an independent cause of action. (Chase v United Hosp., 60 AD2d 558; Wegman v Dairylea Coop., 50 AD2d 108.)
The defendant’s fourth counterclaim alleges that shortly after it entered into this agreement the plaintiff was acquired by and merged with its only competitor, creating a monopoly and restraint of trade in violation of section 340 of the General Business Law.
In a suit for damages for breach of contract, the defendant may not defend on the ground that the plaintiff is a monopoly and in violation of the antitrust laws. “As a defense to an action based on contract, the plea of illegality based on violation of [antitrust laws] has not met with much favor” in the courts. (Kelly v Kosuga, 358 US 516, 518.) “[S]uch defenses would tend to prolong and complicate contract disputes” (Dickstein v duPont, 443 F2d 783, 786), “and thus convert a facially simple litigation into one involving the complexities of antitrust law.” (Viacom Int. v Tandem Prods., 526 F2d 593, 599.)
Similar considerations apply where, as here, defendant has interposed the alleged restraint of trade as a counterclaim rather than as a defense. (Axiom Market Research Bur. v Sphere Mag., NYLJ, Sept. 17, 1979, p 7, col 2.)
Under some very limited circumstances, a defense or counterclaim based upon a violation of the antitrust laws may be appropriate, for example, where the defense to a claim for payment of the contract price is that the price was established by illegal collusive procedures (Continental *120 Wall Paper Co. v Voight & Sons Co., 212 US 227, 261-262). Here, however, the alleged violation of the antitrust laws is based upon a claim that the plaintiff agreed to combine with its only competitor to create a monopoly, a violation which is unrelated to the defendant’s obligations to plaintiff under the terms of the contract and not a defense which may be interposed. (See, generally, Kelly v Kosuga, 358 US 516, supra.)
An antitrust counterclaim will undoubtedly lead to protracted litigation which could unnecessarily confuse a jury and prejudice the rights of the plaintiff in this relatively simple contract action. Under such circumstances, the court has the inherent power to simplify the action through either dismissal or severance of the counterclaim. (Knapp Engraving Co. v Keystone Photo Engraving Corp., 1 AD2d 170.) This fact pattern lends itself to such action.
Accordingly, the plaintiff’s motion is granted to the extent of dismissing the third counterclaim and severing the fourth counterclaim.