■ JOYCE K. LUCIANO, Appellant, v KENNETH HANDCOCK, Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term, entered January 30, 1980 in Albany County, which granted a motion by defendant for summary judgment dismissing the complaint. On August 16, 1977, in a custody proceeding involving plaintiff and her husband, an affidavit was submitted to the court by defendant, a psychiatrist, describing plaintiff as having serious emotional problems and recommending that temporary custody be awarded to plaintiff's husband. The present action against defendant was commenced by plaintiff in August, 1979. The complaint denominates two causes of action. The first alleges that plaintiff suffered severe emotional distress caused intentionally by defendant as a result of the submission of the affidavit. The second cause of action alleges that plaintiff suffered injury to her reputation and endurance of public ridicule as a result of certain false and defamatory remarks contained in defendant's affidavit. Special Term granted defendant's motion for summary judgment pursuant to CPLR 3212 and dismissed the complaint. This appeal ensued. Initially, plaintiff maintains that the complaint does set forth a meritorious cause of action for the intentional infliction of severe

emotional distress. We disagree. The Court of Appeals recently stated that: "An action may lie for intentional infliction of severe emotional distress 'for conduct exceeding all bounds usually tolerated by decent society' (Prosser, Torts [4th ed], § 12, p 56). The rule is stated in the Restatement, Torts 2d, as follows: 'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress' ( § 46, subd [1]; see for one aspect Comment *d*: 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community')" (*Fischer v Maloney,* 43 NY2d 553, 557). In our view, plaintiff's allegations fail to set forth conduct on the part of defendant sufficiently shocking or outrageous so as to set forth a cause of action for intentional infliction of severe emotional distress (see *Nestlerode v Federal Ins. Co.,* 66 AD2d 504, mot for lv to app den 48 NY2d 604; *Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069). Plaintiff's contention that such a determination is factual thus precluding summary judgment must be rejected. We are also of the opinion that plaintiff failed to set forth a viable cause of action for prima facie tort. An essential element of this cause of action is an allegation of special damages (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458), and such damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts *(Lincoln First Bank of Rochester v Siegel,* 60 AD2d 270, 280). Plaintiff's complaint contains no such allegations and, therefore, the first cause of action was properly dismissed. Plaintiff's second cause of action sounds in defamation regardless of the label plaintiff attempts to place on it and since it was not commenced within one year as required by CPLR 215, it was properly dismissed (see *Morrison v National Broadcasting Co.,* 19 NY2d 453). Accordingly, the order and judgment should be affirmed. Order and judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Casey, JJ., concur.