■ MARK GINSBERG, Respondent-Appellant, v SARA J. GINSBERG, Appellant-Respondent. — In an action, *inter alia,* for divorce, the defendant wife appeals from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated December 10, 1980, as (1) granted plaintiff's motion to dismiss her first and second counterclaims, and (2) denied her cross motion to dismiss so much of plaintiff's complaint as seeks a change of custody, a downward modification of alimony and child support, and counsel fees. The plaintiff husband cross-appeals from so much of the same order as denied the branches of his motion which sought (1) to dismiss defendant's third, fourth, and fifth counterclaims, and (2) a protective order vacating defendant's notice to take his deposition and demand for the production of certain books, papers and other notes for use at the deposition. Order modified, on the law, by deleting so much thereof as dismissed defendant's first counterclaim, except that all references in the first counterclaim to attorney fees and transcript costs are stricken. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. Defendant is granted leave to serve an amended counterclaim in place of her dismissed second counterclaim; her time to serve such pleading is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. By judgment entered December 14, 1976, Sara Jane Ginsberg, the defendant herein, was awarded a separation from her husband, the plaintiff Mark Ginsberg. The judgment awarded custody of their minor child to the mother. Since that judgment was entered, the husband has sought to modify his rights to visitation four times, with little success. On or about June 27, 1980, Mark Ginsberg commenced this action for divorce, seeking, *inter alia,* custody of the child. In her answer to plaintiff's complaint, defendant pleaded five counterclaims. The first is to recover damages for abuse of process. Defendant alleges that four proceedings previously brought by plaintiff were baseless. She also alleges that plaintiff compelled her attendance at "many weeks of hearings" (encompassing more than 60 days) on these prior matters through subpoena, causing her salary losses as well as other damages. She further alleges that plaintiff subpoenaed her in order to harass her and to exhaust her financial resources so that ultimately he could regain custody of the child. The second counterclaim incorporates the allegations of the first, and alleges the intentional infliction of economic harm or prima facie tort. Special Term correctly noted in its decision that an action for abuse of process may not be based on the mere institution of an action by service of a summons and complaint *(Hoppenstein v Zemek,* 62 AD2d 979). However, Special Term erred by ignoring defendant's allegations that plaintiff repeatedly and improperly used the subpoena power in those actions to harass defendant and exhaust her resources. Assuming the truth of these allegations, as we must on the motion to dismiss for failure to state a cause of action, defendant has set forth the essential elements for the tort of abuse of process (see *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403). She alleges that defendant used process, for the unjustified purpose of harassing her and exhausting her financial resources, in order to win a collateral advantage in the legal struggle over custody of the child. These

allegations are sufficient to state a cause of action for abuse of process (see *Board of Educ. v Farmingdale Classroom Teachers Assn., supra)*. In the recitation of damages allegedly caused by such abuse of process, defendant lists attorney fees and transcript costs. In the context of this case attorney fees and transcript costs cannot be considered part of the first counterclaim. These expenses were incurred as a result of the prior proceedings themselves, and are unrelated to the complained of abuse of process. The first counterclaim is not, nor could it be, an action for malicious prosecution, and so attorney fees incurred as a result of the proceedings themselves are not an element of the alleged damages (see *Belsky v Lowenthal*, 47 NY2d 820; *Broughton v State of New York*, 37 NY2d 451, 457, cert den *sub nom. Schanbarger v Kellogg*, 423 US 929; *Hoppenstein v Zemek*, 62 AD2d 979, *supra)*. Special Term dismissed defendant's second counterclaim because in its view defendant had not "alleged or shown that plaintiff's suits were instituted totally without excuse or justification." Again Special Term ignored the allegations regarding service of subpoenas. Defendant alleges that the subpoenas were issued for the collateral purpose of ultimately gaining custody by exhausting her financial resources. Assuming the truth of these allegations, plaintiff's conduct was without legal excuse or justification (cf. *ATI, Inc. v Ruder & Finn*, 42 NY2d 454, 458-459; *Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 405-406, *supra)*. The second counterclaim should be dismissed, however, for failure to set forth special damages (see *ATI, Inc. v Ruder & Finn, supra; Hoppenstein v Zemek*, 62 AD2d 979, 980, *supra)*. "[S]uch damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts" *(Luciano v Handcock*, 78 AD2d 943, 944). This the defendant has failed to do. However, she should be allowed to plead again, as she requested before Special Term (see CPLR 3211, subd [e]). We also note that contrary to defendant's argument, a cause of action for prima facie tort cannot be based on an allegation that the prior actions were vexatious and meritless (see *Belsky v Lowenthal,,* 62 AD2d 319, 322, affd 47 NY2d 820, *supra)*. As with the allegation of abuse of process, the focus in the case at bar is on the alleged use of process, and not on the prior suits themselves. We have considered the remaining contentions of the parties and find them to be without merit. Titone, J. P., Mangano, Gibbons and Thompson, JJ., concur.