■ DANIEL D. MOLINOFF, Appellant, v GEORGE SASSOWER, Respondent. — In an action to recover damages for malicious prosecution, prima facie tort and abuse of process, plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 12, 1982, which granted defendant's motion to dismiss the first three causes of action asserted in the amended complaint and (2) as limited by his brief, from so much of an order of the same court, entered June 14, 1982, as, upon reargument, adhered to the original determination, and denied that branch of plaintiff's motion which sought leave to enter a default judgment upon the fourth cause of action contained in the amended complaint, upon condition that defendant serve his answer thereto within 20 days after service upon him of a copy of said order with notice of entry. Appeal from order entered April 12, 1982, dismissed, without costs or disbursements. Said order was superseded by the order entered June 14, 1982, made upon reargument. Order entered June 14, 1982 affirmed, insofar as appealed from, without costs or disbursements. By his amended complaint, plaintiff alleges four causes of action, the first two of which sound in the tort of malicious prosecution. Therein, plaintiff alleges that defendant sued him in both State and Federal court "merely out of malice to harass plaintiff because of plaintiff's professional relationship with defendant's wife", and that, as a result, plaintiff had to spend a substantial amount of time corresponding with two insurance carriers and with retained counsel to determine his coverage. Further, plaintiff asserted that for a period in excess of four years he was required to "bear the severe psychological burden of being a defendant in a law suit for which he had no insurance coverage for punitive damages". The third cause of action, denominated as one for prima facie tort, alleged that the Federal suit instituted by defendant against plaintiff "was intentionally brought * * * without cause or justification, to inflict harm on plaintiff". The final cause of action sought recovery based upon abuse of process. Special Term granted defendant's motion to dismiss the first three causes of action in the amended complaint, and, upon reargument, adhered to its original determination, and denied that branch of plaintiff's motion which sought leave to enter a default judgment upon the fourth cause of action in the amended complaint, upon condition that defendant cure his default in answering. Plaintiff appeals, and we affirm. The tort of malicious prosecution is founded upon "the perversion of proper legal procedures" (*Broughton v State of New York,* 37 NY2d 451, 457, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). Where the underlying proceeding initiated against a particular plaintiff is civil in nature, the elements essential to the maintenance of an

action include "(1) the commencement and prosecution of a judicial proceeding against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which has terminated in favor of the plaintiff in the malicious prosecution action, (6) to his injury, and (7) * * * it must also be shown that the plaintiff suffered interference from some provisional remedy" (*Ellman v McCarty,* 70 AD2d 150, 155). Some interference with plaintiff's person or property, for example, by way of some remedy such as attachment, arrest or injunction, must be alleged where the prior action is a civil one (*Williams v Williams,* 23 NY2d 592, 596, n 2, 604; see *Burt v Smith,* 181 NY 1; *Belsky v Lowenthal,* 62 AD2d 319, 321, affd 47 NY2d 820). Here, as the first and second causes of action in the amended complaint allege neither sufficient interference with plaintiff's person nor with his property, they were properly dismissed (*Belsky v Lowenthal, supra; Hoppenstein v Zemek,* 62 AD2d 979; cf. *Fulton v Ingalls,* 165 App Div 323, affd *sub nom. Fulton v Richmond County Soc.,* 214 NY 665; *Groat v Town Bd.,* 73 AD2d 426). The third cause of action, denominated as one alleging a claim for prima facie tort, was likewise properly dismissed by Special Term. The essence of such an action is (1) the intentional infliction of malicious injury solely to harm another, (2) resulting in special injuries, (3) without economic or social excuse or justification, (4) by means which would otherwise be lawful (*ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458; see *Drago v Buonagurio,* 46 NY2d 778, 779), and while the existence of a traditional tort will not foreclose the alternative pleading of prima facie tort (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333), there can be no recovery unless a " 'disinterested malevolence' " to injure plaintiff constitutes the sole motivation for defendant's otherwise lawful act (*Burns Jackson Miller Summit & Spitzer v Lindner, supra,* p 333, quoting from *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358; see *Squire Records v Vanguard Recording Soc.,* 25 AD2d 190, affd 19 NY2d 797). This means that " 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another' " (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333, *supra,* quoting from *Beardsley v Kilmer,* 236 NY 80, 90). Accordingly the prima facie tort cause of action falls because although plaintiff alleges intentional and malicious action by defendant, he does not allege that " 'disinterested malevolence' " constituted the sole motivation therefor (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333, *supra;* see *Ginsberg v Ginsberg,* 84 AD2d 573, 574). We have considered plaintiff's remaining contentions and find them to be without merit. As defendant has not filed a notice of appeal, we cannot consider his argument that Special Term erred in denying a cross motion made by him to dismiss plaintiff's fourth cause of action sounding in abuse of process (see *Hecht v City of New York,* 60 NY2d 57). Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.