OPINION OF THE COURT
Edward J. Greenfield, J.
On July 21, 1988, this court rendered a decision and order dismissing a cause of action by plaintiffs for fraud but sustaining the cause of action against the Merchant Sterling Corporation for unjust enrichment.
The dispute relates to plaintiffs’ attempt to establish a yacht charter business in the Virgin Islands in which it was contemplated that they would purchase yachts from Stevens Yachts of Annapolis, Inc., with the working capital for the yacht purchase and the development of a marina to be supplied by Merchant Sterling. Plaintiffs alleged that after feigning a lack of interest in the venture, Merchant Sterling ultimately seized the opportunity for itself, purchasing yachts from Stevens and operating the marina. That is the basis for plaintiffs’ claim of unjust enrichment.
*53 Plaintiffs’ amended complaint omitted the fraud claim and sought recovery solely for unjust enrichment. The amended complaint also named Tandem, Inc., Minterne Corporation and Sterling Venture Capital Corporation as additional defendants, alleging that these were corporate entities employed to take over the corporate profits misappropriated by Merchant Sterling. The Stevens Yachts defendants have filed for bankruptcy.
In their answer to the complaint, defendants interposed a counterclaim for prima facie tort, alleging that plaintiffs knew that the enterprise did not make a profit, but in fact incurred substantial losses, so that there was no unjust enrichment. They claimed that the action was brought without excuse or justification, solely with the intent of harassing defendants and burdening them with additional legal fees, motivated solely by "disinterested malevolence”.
Plaintiffs have moved for an order dismissing this counterclaim, while the defendants have made a cross motion for summary judgment. The interposition of the counterclaim as a retaliatory move, seeking damages because of the bringing of the instant action, is legally unsound. The proceeding initiated by the plaintiffs has not been terminated favorably to the defendant. There appears to be no abuse of process as such, no perverting of process to obtain a collateral objective, and no interference with personal property occasioned by the commencement of the action. The counterclaim essentially is that there is a good defense to the complaint. It is clear that defendants’ allegations attempt to meet the specifications of an action for prima facie tort, but even with technical compliance it would run counter to established judicial policy.
In an attempt to justify interposing such a counterclaim, defendants rely on an utterance of the Appellate Division in United Pickle Co. v Omanoff (63 AD2d 892 [1978]), where the court remarked: "we see no impediment here to the recovery of attorneys’ fees, as damages * * * [since] appellant was found to have * * * intentionally sought to inflict economic injury * * * by forcing them to engage legal counsel * * * [and] to harass and oppress them [through the use of] legal procedures.” Even so, the court found that there was legal justification in that case for plaintiff to have initiated an action, and reversed a verdict in defendant’s favor on the counterclaim. But six years later, in Curiano v Suozzi (63 NY2d 113, 118 [1984]), the Court of Appeals pronounced as *54 court policy that: "New York courts have consistently refused to allow retaliatory lawsuits based on prima facie tort predicated on the malicious institution of a prior civil action”. At the very least, said the court, the prima facie tort claim should have to await the termination of the initial action. Even if the technical requirements of prima facie tort were correctly pleaded, considerations of public policy should bar its introduction as a retaliatory counterclaim. (See, Knapp Engraving Co. v Keystone Photo Engraving Corp., 1 AD2d 170, 172.)
The rule embraced by the Court of Appeals in Curiano (supra) must be taken as the last and definitive word. If, as alleged, the suit by plaintiffs is baseless, defendants will prevail. As a matter of policy, we cannot permit the threat of a counterclaim for legal fees to chill the institution of actions. "This State has always held to the principle that no cause of action accrues to the successful defendant (see Burt v. Smith, 181 N. Y. 1, 5; Sachs v. Weinstein, 208 App. Div. 360; Paul v. Fargo, 84 App. Div. 9). * * * Our public policy is very strong in allowing access to the courts to all parties. Fear of reprisal beyond the imposition of costs should not be allowed to act as a deterrent.” (Chappelle v Gross, 26 AD2d 340, 345 [Steuer, J., dissenting], cited with approval in Belsky v Lowenthal, 62 AD2d 319, 323.) This country has not adopted the English system of awarding counsel fees every time a defendant may be a victorious litigant.
Defendants’ cross motion for summary judgment must be denied. The claim is that since the marina enterprise lost money, there can be no claim by plaintiff that defendants were "unjustly enriched”. The affidavits and financial statements which are offered to demonstrate the losses are replete with caveats and disclaimers. It is clear that Stevens Yachts lost money, but it is less clear as to the other defendants.
There has been no significant opportunity for meaningful discovery. Plaintiffs have been given access to a warehouse containing 50 boxes of records, but they have had no chance to put careful and searching questions to those in defendants’ employ having knowledge of the facts. The facts as to the financial results of the enterprise are wholly within the knowledge and control of the defendants.
Accordingly, plaintiffs’ motion to dismiss the counterclaim is granted; the cross motion to dismiss the complaint is denied at this time.