■ ANNE VENEZIA et al., Appellants-Respondents, v SANFORD SIRULNICK et al., Respondents-Appellants. [624 NYS2d 62] —In an action to recover damages for malicious prosecution, abuse of process, emotional distress, and loss of consortium, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), entered June 29, 1993, as granted the defendants' motion for summary judgment and denied their cross motion for summary judgment, and the defendants cross-appeal from so much of the same order as denied their application for sanctions and attorney's fees.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The trial court properly granted the defendants' motion to

the extent that it awarded summary judgment to the defendants and dismissed the complaint. The plaintiffs have no cognizable claim sounding in malicious prosecution as the mere service of process without further interference from some provisional remedy does not rise to the level of malicious prosecution (see, *Molinoff v Sassower,* 99 AD2d 528). Further, the plaintiffs can state no cause of action for abuse of process as they were not subject to the wrongful use of a provisional remedy (see, *Williams v Williams,* 23 NY2d 592). The institution of a civil action by summons and complaint will not rise to a claim of damages for abuse of process as they are not legally considered process capable of being abused (see, *Curiano v Suozzi,* 63 NY2d 113, 117).

Further, the defendants' actions did not constitute extreme and outrageous conduct which transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society (see, *Freihofer v Hearst Corp.,* 65 NY2d 135, 143). Therefore, the cause of action alleging the intentional infliction of emotional distress was also correctly dismissed.

We have examined the parties' remaining contentions and find that they are without merit. Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.