Nadia FERRAN and Mark
Ferran, Plaintiffs,

v.

TOWN OF GRAFTON, Nancy S. Jones, Esq., individually and as former Town Attorney; Merritt Wagar, Margaret Claus, Joseph Mahoney, Elizabeth Murphy, Janet Smith, individually and as present and former Town Council Members; and John Darling, individually and as Supervisor, Town of Grafton, Defendants.

No. 90–CV–155 (FJS).

United States District Court,
N.D. New York.

Oct. 6, 1997.

Nadia Ferran, Mark Ferran, Albany, NY, pro se.

Dryer Boyajian, LLP, Albany, NY, for Defendants; Daniel J. Stewart, of counsel.

## DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This is a pro se civil rights alleging violations of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiffs' claims stem from a dispute between Plaintiffs and the Town of Grafton over a road that runs through Plaintiffs' property.

The Court held a bench trial in this matter on June 24 and 25, and August 13, 1996, in Albany, New York. This Decision and Order constitutes the Court's findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure.[1]

### Discussion

As an initial matter, the Court notes that despite numerous admonitions during the course of these proceedings, the vast majority of the evidence presented by the Plaintiffs was both cumulative and irrelevant. Also, for the most part, Plaintiffs have failed to demonstrate how each defendant was personally involved in the alleged constitutional deprivations. *See Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995). Notwithstanding these serious defects in the record, the Court will evaluate the merits of Plaintiffs' claims based on the evidence admitted at trial.

### I. Fourth Amendment—Malicious Prosecution

The Court will first address Plaintiffs' malicious prosecution claims against the Town of Grafton and the individual Defendants. Plaintiffs' claims arise out of a decision by the Town to bring a civil action against Rocco Ferran to quiet title to a road running through a certain parcel of Ferran property.[2] Plaintiffs claim that the Town maintained the action in a malicious attempt to publicly humiliate and harass the Ferran family.[3]

 Allegations of malicious *civil* prosecution will not normally give rise to a § 1983 cause of action. *See Easton v. Sundram,* 947 F.2d 1011, 1017 (2d Cir.1991); *see also Spear v. Town of West Hartford,* 954 F.2d 63, 68

---

1. By Orders filed February 26, 1991, August 13, 1993, and entered in the record on June 24, 1996, the Court dismissed a number of Plaintiffs' original claims including: (1) all claims brought by Laura Ferran, an infant; (2) all claims brought by Nadia Ferran as administratrix of the Estate of Rocco Ferran; (3) all of Plaintiffs' claims pursuant to 42 U.S.C. §§ 1985 and 1986 for failure to state a claim upon which relief can be granted; (4) all of Plaintiffs' § 1983 claims to the extent they are premised on conduct prior to February 8, 1987; (5) all of Plaintiffs' claims against Herbert Hasbrouck, Austin McGrath, Bernard Simmons, Roger Gentner, and Irving Mason for lack of personal jurisdiction; and finally (6) all of Plaintiffs' claims against Nancy S. Jones, Esq., Janet Smith, and Merrit Wagar, due to the expiration of the applicable statute of limitations, except that the Court reserved decision on Defendants' motion in limine to dismiss Plaintiffs' malicious prosecution claims against these three Defendants. Prior to the start of trial, Defendants moved to dismiss Plaintiffs' malicious prosecution, Due Process and Takings Clause claims, and the Court reserved decision at that time. This Decision and Order also resolves those motions.

2. Rocco Ferran, who died on November 14, 1985, was Nadia Ferran's husband and Mark Ferran's father.

3. As an initial matter, it is difficult to see how Nadia Ferran and Mark Ferran have standing to assert these malicious prosecution claims in their individual capacities because the Town's lawsuit was brought against Rocco Ferran only, and the Court has previously dismissed all of the claims brought by Nadia Ferran as Administratrix of the Estate of Rocco Ferran. Notwithstanding, the Court will address the merits of Plaintiffs' claims.

(2d Cir.1992) (affirming district court's dismissal of § 1983 claim where Plaintiff was subject only to civil liability). A possible exception exists where a plaintiff is subjected to a misuse of legal process "so egregious as to work deprivation of a constitutional dimension." *Easton,* 947 F.2d at 1018.

▮▮ In order to state a claim for malicious prosecution under § 1983, a plaintiff must, at the very least, prove the elements of a malicious abuse of process claim under state law. *See Easton,* 947 F.2d at 1018 (citations omitted). To state a claim for malicious abuse of process under New York law, plaintiffs must establish (1) that defendants maliciously commenced and continued an action against plaintiffs, (2) termination of the proceeding in plaintiffs' favor, (3) probable cause for the proceeding was lacking, and (4) plaintiffs' person or property was interfered with through the issuance of a provisional remedy such as attachment or arrest. *See O'Brien v. Alexander,* 898 F.Supp. 162, 165–66 (S.D.N.Y.1995) (citing *Molinoff v. Sassower,* 99 A.D.2d 528, 471 N.Y.S.2d 312 (2d Dep't 1994)).

▮▮ In this case, the evidence reveals that in 1983, Town of Grafton Officials, including Janet Smith, the Town Supervisor at the time, and Nancy Jones, the Town Attorney, had a good faith belief that Rocco Ferran was wrongfully preventing people from traveling on what the Town believed was a public highway running through Plaintiffs' property. *See* Ex. P–50. Acting on this belief, the Town of Grafton commenced an action in New York State Supreme Court against Rocco Ferran seeking a judgment declaring that the road running through his property was, on that date, a town road. The Town also sought to enjoin Mr. Ferran from preventing individuals from using the road.

On July 10, 1985, the State Supreme Court held that the road was not a public highway, and was, in fact, a private road.[4] *See Town of Grafton v. Rocco Ferran,* No.147639 (N.Y. Sup.Ct., Rensselear Co. July 10, 1985). The Town of Grafton appealed the Order to the Appellate Division, Third Department, but the Town failed to perfect its appeal, and the appeal was dismissed by Order dated February 14, 1989.

Turning to the first element of a claim under New York law, the relevant evidence received at trial fails to show that anyone acting on behalf of the Town of Grafton pursued the action against Rocco Ferran out of any malice or ill will toward the Plaintiffs. In fact, Herbert S. Hasbrouck, the Town Highway Supervisor, testified that following the court ruling, the Town erected "No Thru Traffic" signs at the entrance to Plaintiffs' road in an attempt to prevent people from traveling on Plaintiff's road. (Transcript at 3). Thus, the Court finds that Plaintiffs have failed under New York law to establish the first element of their malicious abuse of process claim as to any of the Defendants. Moreover, there is absolutely no evidence that Plaintiffs' persons or property were interfered with through the issuance of a provisional remedy such as attachment or arrest. Thus, Plaintiffs' claims fail under the fourth element as well.

▮▮ Additionally and finally, because any cause of action for malicious abuse of process would have accrued when Judge Cholakis issued his favorable ruling on July 10, 1985, these claims are also barred by the three year statute of limitations applicable to § 1983 claims. *See Reed Co. v. International Container Corp.,* 43 F.Supp. 644, 645 (S.D.N.Y.1942) (statute of limitations for malicious abuse of process action not tolled by filing of appeal).

Therefore, for the reasons stated above, the Court finds that Plaintiffs have failed to establish a malicious abuse of process claim under New York law and § 1983.

## II. First Amendment Retaliation and Equal Protection

Plaintiffs also allege that the Town of Grafton maliciously retaliated and discriminated against them in violation of the First and Fourteenth Amendments of the United States Constitution by neglecting certain public roads that lead to Plaintiffs' property. Plaintiffs maintain that the Town took this course of action in retaliation for complaints that the Plaintiffs had lodged with the Town about trespassers on their property and for

---

**4.** Nadia Ferran was appointed Administratrix of Rocco Ferran's estate sometime in 1986.

the complaints they had made with respect to the manner in which the Town maintains public roads.

For the most part, the proof submitted by the Plaintiffs with respect to these claims had to do with conduct that had occurred prior to February 8, 1987. As such, the Court finds that Plaintiffs' claims stemming from this evidence are time barred. The Court will address only that evidence submitted by the Plaintiffs that involves Defendants' conduct since that time.

### A. First Amendment

■ To establish a First Amendment retaliation claim under § 1983, a plaintiff must show (1) that his conduct was protected under the First Amendment, and (2) that the defendant took some adverse action that was motivated or substantially caused by plaintiffs exercise of free speech. *See Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir.1994).

■ As a general matter, the right to complain to public officials is protected by the First Amendment. *See id.* In this case, Plaintiffs presented evidence of numerous complaints filed by Nadia Ferran with town officials concerning the upkeep of certain public roads and other matters of public concern. As a result, the Court finds that Plaintiffs have established this element of their First Amendment claims.

Turning to the second element, the only evidence in the record of an adverse action taken by the Defendants are Plaintiffs' conclusory allegations that the Town has retaliated against them by failing to maintain the roads leading to Plaintiffs' property properly. Plaintiffs point to evidence that the Town plows 500 feet of road leading to another property while the roads leading to Plaintiffs' property are not well maintained. However, the evidence also reveals that the owner of the property serviced by the 500 feet of road apparently asked the Town to plow the first 500 feet so that ambulances and fire trucks could have access to an inhabited residence. Moreover, the evidence in the record demonstrates that the roads leading to Plaintiffs' property were and are, in fact, maintained. (Ex. P–89, Answer to Interrogatory # 18.) (testimony of Town Highway Superintendent.) Even if there was evidence that the roads leading to Plaintiffs' property were not properly maintained, there is absolutely no credible evidence that the Town's actions were motivated or caused by Plaintiffs' protected speech. In sum, the Court finds that Plaintiffs' conclusory and self-serving testimony does not constitute evidence from which it can be inferred that there was an adverse or discriminatory action by the Town. Therefore, the Court finds that Plaintiffs' retaliation claims under the First Amendment must be dismissed.

### B. Equal Protection

Plaintiffs also allege that their rights under the Equal Protection Clause of the Fourteenth Amendment were violated by the Defendants' failure to maintain the roads leading to their property.

■ To establish a violation of the Equal Protection Clause of the Fourteenth Amendment where class based discrimination is not alleged, a plaintiff must establish (1) that he or she was selectively treated as compared to other similarly situated persons, and (2) that "the selective treatment was motivated by ... a malicious or bad faith intent to injure the person." *Zahra v. Town of Southold,* 48 F.3d 674, 683 (2d Cir.1995).

■ As stated, the testimony of Herbert Hasbrouck and the other evidence in the record demonstrates that the roads in question were maintained and that Plaintiffs have not been selectively treated. Again, even if such were the case, there is absolutely no credible evidence in the record from which a reasonable person could infer that the conduct of the Town was based on malice or bad faith.

Therefore, after carefully considering the record and the applicable law, the Court finds that Plaintiffs' equal protection claim must also be dismissed.

### III. Due Process

Finally, the Court turns to Plaintiffs' claims that the Defendants violated Plaintiffs' rights under the Due Process Clause by endorsing and encouraging a logging company to trespass on Plaintiffs' private road and

damage it. Plaintiffs allege that in the winter of 1987–88, agents of Krutiak Wood Products trespassed upon and damaged Plaintiffs' private road by "skidding" (or dragging) logs along the road. Plaintiffs allege that Krutiak was encouraged and/or permitted to skid the logs along Plaintiffs' road by agents of the Town of Grafton, and that this conduct was a "taking" without just compensation within the meaning of the Due Process Clause of the Fifth Amendment.

■ As a threshold matter, in order for Plaintiffs to establish a claim under 42 U.S.C. § 1983, Plaintiffs must demonstrate that the allegedly unconstitutional conduct was "state action." *See LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 432 (2d Cir.1995). In other words, the challenged conduct must have its source in state authority. *See id.*

■ In this case, even if the Court were to find that the loggers trespassed on Plaintiffs' property, the Court could not find for Plaintiffs because they have failed to produce any admissible evidence that Krutiak's alleged skidding on Plaintiffs' road was endorsed, encouraged, or condoned by the Town, or by any of individual Defendants for that matter. The only evidence in the record of any interaction between a town official and loggers is testimony from Mr. Hasbrouck concerning conversations he had with a Krutiak employee. In response to a series of questions by the Court, Mr. Hasbrouck testified that he never told anyone from Krutiak that the company could use Plaintiffs' road. (Tr. at 37.) In fact, Mr. Hasbrouck testified that "[i]f anything, I warned him that he wasn't supposed to be on [Plaintiffs' road]." *Id.*

■ Furthermore, even if there was admissible evidence linking the Defendants and Krutiak's operation, the relatively minor damage that resulted from Krutiak's operation does not, in these circumstances, amount to a compensable "taking" under the Fifth Amendment, *See Hendler v. United States,* 952 F.2d 1364, 1375–1384 (Fed.Cir.1991) (stating that compensable temporary physical takings must be more than "government activities which involve an occupation that is transient and relatively inconsequential, and thus can be viewed as no more than a common law trespass"), and it certainly does not amount to the type of "conscience-shocking" conduct actionable under the Due Process Clause. *See Easton,* 947 F.2d at 1018 (stating that Fourteenth Amendment guards generally against conduct that "shocks the conscience") (internal quotations and citations omitted).

Thus, after carefully reviewing the record, the Court finds that Plaintiffs have failed to offer evidence of "state action" that could form the basis of their § 1983 claims under the Due Process Clause, and in any event, the minor damage that occurred could not form the basis of a constitutional "injury." These claims, therefore, must be dismissed.

### Conclusion

Therefore, after carefully considering all the credible and relevant evidence adduced at trial, it is hereby

ORDERED that Plaintiffs have failed to establish any of their claims. Thus, Plaintiffs' amended complaint is DISMISSED in its entirety. Any application for attorney's fees pursuant to 42 U.S.C. § 1988 must be submitted to the Court within 30 days from the entry of this Order.

**IT IS SO ORDERED.**