■ STEPHAN B. GLEICH, Appellant, v JEFFREY S. ROSE, Respondent. (And a Third-Party Action.) [741 NYS2d 683] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 4, 2001, which, inter alia, denied plaintiff's motion for precertification discovery and to dismiss defendant's counterclaim for abuse of process, and granted defendant's cross motion pursuant to CPLR 3211 to the extent of dismissing the first, third, fourth and fifth causes of action and the class allegations, unanimously modified, on the law, to grant plaintiff's motion insofar as to dismiss defendant's counterclaim for abuse of process, and otherwise affirmed, without costs.

The motion court properly dismissed plaintiff's first, third, fourth and fifth causes of action and class allegations since they were premised upon plaintiff's incorrect assertion that leased automobiles may not be levied upon by seizure pursuant to CPLR 5232 (b). Inasmuch as the interest of an automobile lessee, such as plaintiff, is present and possessory, it is a tangible interest in personal property "capable of delivery by taking the property into custody" and thus is subject to levy by, and only by, seizure (CPLR 5232 [b]; *and see,* Siegel, NY Prac § 497 [3d ed]). We modify only to grant that branch of plaintiff's motion seeking dismissal of defendant's counterclaim for abuse of process. As a matter of law, the mere filing by plaintiff of a summons and complaint is an insufficient predicate for an abuse of process claim (*see, Curiano v Suozzi,* 63 NY2d 113, 116-117; *Venezia v Sirulnick,* 213 AD2d 629). Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Freidman, JJ.