(68 App. Div. 144.)

MOUNT v. MOUNT.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

EXECUTORS—ACCOUNTING—AUTHORITY OF PROBATE COURT.

Where a will directed the executor to set aside a certain sum, and pay the income therefrom to testator's nephew, the court could not direct the executor's executor to pay over such sum to a substituted trustee, under Code Civ. Proc. §§ 2603, 2606, giving the court power to compel the executor of a deceased executor to account for unadministered property in his hands belonging to the first estate, and "to pay and deliver the same to the court, or to his successor in office, or to such other person as is by law authorized to receive same," but the payment must be to the court or some one representing the estate.

Appeal from special term, New York county.

Proceedings by Charlotte A. Mount, trustee, against Gertrude M. Mount, administratrix, etc. From a judgment for plaintiff (71 N. Y. Supp. 199), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Morris A. Tyng, for appellant.
Charles S. Martin, for respondent.

McLAUGHLIN, J. On the 30th of March, 1880, Richard E. Mount died, leaving a will, which on the 5th of May following was admitted to probate by the surrogate of the county of New York, and letters testamentary issued to one of the executors therein named, Henry R. Mount, who was the husband of the defendant in this action. One of the provisions of the will was as follows:

"I direct my executors to set apart from my estate the sum of $5,000, and invest the same in good security, and pay the net interest or income therefrom, from time to time, unto my nephew Richard H., son of my deceased brother Joseph, for and during the period of his natural life, and upon his decease to pay and distribute the said principal sum of $5,000 to and among his lawful children in equal shares."

The executor, Henry R. Mount, died in July, 1899, and at the time of his death he had not rendered an account of his proceedings as executor of his uncle's estate. He left a will, which, on the 19th of September following his death, was admitted to probate by the probate court in the state of New Jersey, and letters testamentary issued to the sole executrix therein named, the defendant in this action, and on the 24th of November following ancillary letters were issued to her by the surrogate of Kings county, this state. On the 27th of August, 1900, the plaintiff in this action was appointed substituted trustee in the place of Henry R. Mount under the clause of the will above quoted. She qualified, and the defendant having thereafter neglected and refused, upon demand,

to pay to her the $5,000 specified in such clause or the income therefrom, this action was brought to procure a judgment directing such payment. The answer denied the material allegations of the complaint upon which judgment was demanded, and also interposed other defenses.

At the beginning of the trial the defendant moved to dismiss the complaint, substantially upon the ground that it did not state facts sufficient to constitute a cause of action, especially in that it was not alleged that Henry R. Mount, as executor of Richard E. Mount, ever set apart the fund of $5,000 referred to, or that he ever assented to act as trustee, or that he had, prior to or at the time of his death, such fund in his possession. The motion was denied, and an exception taken. The evidence introduced tended to establish the fact that Henry R. Mount, as executor of Richard E. Mount, during his lifetime received moneys largely in excess of $5,000, and that he had not paid over such sum or accounted for it in any way. The plaintiff had a judgment directing the defendant, as the ancillary executrix under the will of Henry R. Mount, deceased, to pay to the plaintiff, as the substituted trustee, etc., under the will of Richard E. Mount, the sum of $5,000, with interest thereon from May 5, 1880, and it is from this judgment that the present appeal is taken.

In re Moehring, 154 N. Y. 423, 48 N. E. 818, necessitates a reversal of the judgment appealed from. It was there held that the power conferred upon the surrogate's court (and the supreme court, in this respect, has no greater power) by section 2606 of the Code of Civil Procedure, in connection with section 2603, to compel an executor of a deceased executor to account for unadministered money or property of the first estate in his hands, and to pay and deliver the same to the surrogate's court, or to his successor in office, or to such other person as is authorized by law to receive the same, did not require the surrogate to direct payment or delivery to a legatee under the will of the first testator; that under section 2606 an executor of a deceased executor can be required to deliver property in his hands to the surrogate's court, or to a representative of the first estate, but that he cannot be required to act as a representative of that estate in distributing its unadministered assets. Here, Henry R. Mount, the defendant's testator, had never rendered an account of his proceedings. Whether, in the administration of his uncle's estate, the plaintiff, as the substituted trustee, ever became entitled to receive the $5,000, or any part of it, did not and necessarily could not be determined until there had been a settlement of that estate. Otherwise, the plaintiff might receive this sum to the prejudice of creditors or other persons more, or at least equally, entitled to receive the same, and this could only be determined by a proceeding taken against an administrator with the will annexed or a legal representative of that estate. This defendant did not represent that estate. She simply represented the estate of her husband, and to the extent that she received money or property as such representative from her husband's estate, which belonged to the estate of his uncle, she could be required, in a

proper proceeding, to account for and turn over these to the surrogate's court, or to a representative of the estate of Richard E. Mount, in order that it might be paid over or distributed among those legally entitled thereto. This is clearly pointed out by Judge Martin, who delivered the opinion in the case cited. After discussing the clauses of the Code referred to, he said:

"Obviously, the main purpose of section 2606 is to authorize a surrogate, upon the application of a person interested in the estate, to take such action as may be necessary for its protection and preservation, until it is placed in the hands of a legal representative for distribution and settlement. A legatee, devisee, or creditor cannot be said to be authorized by law to receive such an estate, in whole or in part, until it is fully administered by a proper representative. Under this statute, no one was authorized to receive this property, except a legal representative of the estate. That portion of the estate which was unadministered could only be administered by a representative of the first estate, and the appellant was entitled to the possession of her legacy only when, in due course of administration of that estate, it was paid or directed to be paid to her."

Here the appellant is not a representative of the estate of Richard E. Mount. She has no right or authority to administer the assets of that estate left unadministered at the death of her husband. Therefore the court could not direct her to make a distribution of the estate or any part of it. If it could, then it could direct the executor of an executor to pay and deliver the property in his hands over to the legatee of the first will, and, if that could be done, then it could authorize her to perform any other acts of administration necessary to the settlement of that estate which came into her hands by the death of her husband, and this is precisely what the court held in the case cited could not be done.

It follows, therefore, that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.