pate or guard against, such negligence; and no other cause is suggested which the master in the exercise of due prudence was bound to anticipate as likely to produce such a result, and it is elementary that the master is only liable for consequences which he should anticipate. Hartman v. Clarke, 104 App. Div. 62, 93 N. Y. Supp. 314, and cases cited. It is claimed, however, by the plaintiff, that a nonsuit was properly denied, because of the testimony of the plaintiff, which I quote, to wit:

"Three or four days before I was hurt I heard the cover fall quite often. Q. Did you speak to any body about it? A. Yes, sir. I spoke to Mr. Andy Lee about it, the superintendent. I says: 'Mr. Lee, I am kind of afraid to work under that chute, afraid something will fall in some day and hit me,' And he says: 'Never mind, that is all right. I will have hinges put on.'"

Evidently the plaintiff had in mind the danger of something besides the cover falling; but it does not appear that there was anything about the mouth of the chute likely to fall in, and, even if there was, putting hinges on the cover would not prevent, if the mouth was open; and it is not suggested that anything would cause the cover to fall in, constructed as this opening was, except the thing which actually caused it to fall, to wit, the carelessness of some person in removing it or putting it on, and this the master was not bound to guard against. The negligence of the master complained of is its failure to furnish a safe place; but the place was perfectly safe, except for the carelessness of fellow servants, and the master does not fail in his duty when the place becomes dangerous only by reason of such carelessness. Koszlowski v. American Locomotive Co., 96 App. Div. 40, 89 N. Y. Supp. 55, and cases cited; Earle v. Clyde Steamship Co., 103 App. Div. 21, 92 N. Y. Supp. 839.

It follows, therefore, that the motion to dismiss at the close of the evidence should have been granted, and the judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.

---

## In re COLLYER.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

EXECUTORS AND ADMINISTRATORS—REPRESENTATIVE OF DECEASED ADMINISTRATOR—FAILURE TO DISTRIBUTE ESTATE—JURISDICTION OF SURROGATE'S COURT.

Under Code Civ. Proc. § 2606, conferring on the Surrogate's Court jurisdiction to compel an administrator to deliver over trust property which has come to his possession, the Surrogate's Court has jurisdiction to determine the merits of an application to compel the executrix of a deceased administrator to deliver over assets of the estate of the intestate which has come into her possession, where the administrator had accounted and had failed to pay over money as directed by decrees entered on the accounting.

Appeal from Surrogate's Court, Westchester County.

Application by Henry M. Collyer, administrator of William E. Collyer, deceased, to compel Fanny Collyer, executrix of Charles S. Collyer, deceased, as administrator of Elizabeth Collyer, deceased, to pay

money into court. From an order denying the application, the applicant appeals. Reversed, with directions.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

David Eilau, for appellant.

Harvey De Baun, for respondent.

JENKS, J. A citation was issued to Fanny Collyer, as executrix of Charles S. Collyer, as administrator of Elizabeth Collyer, to show cause why she should not account to and pay over to the court the assets of the estate of Elizabeth Collyer remaining in the possession of Charles S. Collyer, as administrator of Elizabeth Collyer, at his death, and received by the said execturix, and why the said Fanny Collyer, as said executrix of Charles S. Collyer, as administrator of Elizabeth Collyer, should not account in the place and stead of her decedent. The appellant showed these facts: Charles S. Collyer died in 1883. As such administrator he had accounted, and the decrees entered upon the accounting directed him to pay over certain sums of money to various persons, next of kin, including a sum to this appellant. This amount was not paid. Charles S. Collyer died in 1902, leaving a will under which Fanny Collyer became his executrix. The appellant also showed that Collyer had personal property—money in bank to his individual credit—which included the money directed to be paid to the appellant under the said decrees. The appellant had demanded in vain the payment of said moneys. Fanny S. Collyer made answer. I shall not discuss the merits of it, inasmuch as the disposition made by the learned surrogate does not require me to do so.

The learned surrogate held that his court had not jurisdiction to entertain any further order except either a proceeding to punish the administrator, Charles S. Collyer, for contempt (which could not be entertained because he was dead), or an application for leave to issue execution. His view was that the judgment had been entered finally settling the account of Collyer as administrator, and therefore he could only enforce that judgment. But Fanny Collyer, perforce of her letters under the will of Charles S. Collyer, did not represent the estate of which the said Charles S. Collyer was administrator. She simply represented the estate of Charles S. Collyer. Mount v. Mount, 68 App. Div. 144, 74 N. Y. Supp. 148, and authority cited. And so she was but a custodian of any property that came into her hands from the estate of which her husband was administrator. Section 2606, Code of Civil Procedure, in part provides:

"The Surrogate's Court has also jurisdiction to compel the executor or administrator at any time to deliver over any of the trust property which has come to his possession or is under his control, and if the same is delivered over after a decree, the court must allow such credit upon the decree as justice requires."

See, too, Mount v. Mount, supra, and authority cited.

I think, therefore, the surrogate could have determined this application on the merits. The appellant did not merely ask that Fanny Collyer, as executrix, should account once again as to what had been finally decreed during the administration of her husband, but that

she should deliver over any of the assets of that estate which had come into her possession or were under control. I think that the order must be reversed, with costs, on the ground that the learned surrogate had jurisdiction, and that the matter should therefore be remitted for a hearing upon the law and the merits.

Order of the Surrogate's Court of Westchester county reversed, with $10 costs and disbursements, and matter remitted for hearing upon the law and the merits. All concur.

---

FERBER v. APFEL et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—PLEADINGS.

A petition in summary proceedings for the possession of land, alleging that the petitioner is the lessee and landlord thereof, is not a sufficient compliance with Code Civ. Proc. § 2235, requiring the petition to state the interest of the petitioner in the premises.

2. SAME—AMENDMENT OF PLEADING.

In summary proceedings for the possession of land, where the only allegation of the petition as to the petitioner's interest in the land was that she was the lessee and landlord thereof, the court was without power to allow an amendment showing her interest; the defect being jurisdictional.

3. SAME—WAIVER.

In summary proceedings for the possession of land, the failure of the petition to state the interest of the petitioner in the land was not waived by an answer admitting that the respondents held the land from the petitioner as their landlord.

4. SAME—AMENDMENT OF PLEADING—EFFECT.

In summary proceedings for the possession of land, where the only evidence of the petitioner's interest in the land was that she was the landlord, an amendment of the petition to conform to the proofs did not cure its failure to allege the interest of the petitioner in the land.

5. SAME—PARTIAL EVICTION OF LESSEE.

The eviction of a tenant from a portion of the leased premises suspends the right of the landlord during the continuance of the partial eviction to maintain summary proceedings for the nonpayment of the rent.

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Sarah Ferber against Adolph Apfel and another. From a judgment in favor of petitioner, respondents appeal. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Alvin C. Cass, for appellants.

John Bogart, for respondent.

RICH, J. This is an appeal from a final order and judgment awarding possession of real property at Rockaway Beach to the respondent after trial of a summary proceeding in the Municipal Court. The appellants contend, first, that the Municipal Court never acquired jurisdiction of the subject-matter, and that its acts in this proceeding are, for that reason, coram non judice; and, second, that the undisputed