---

## In re COLLYER.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. EXECUTORS AND ADMINISTRATORS—EXECUTRIX OF AN ADMINISTRATOR—DUTY AS TO PROPERTY RECEIVED.

. Where the executrix of a deceased administrator holds a 15 year old check made by her testator as administrator, she may be compelled to pay over to the proper claimant thereof, not merely the check, but the money it calls for, if she has so much of the assets of the estate administered by her testator, since the acceptance of the check only would discharge the executrix without assuring the payment of the money represented by it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 532.]

2. TENDER—MEDIUM OF TENDER—SUFFICIENCY.

The claimant's right to the money was not affected by the fact that the check was tendered in court, with a consent to adjournment until it was honored, and the tender was refused, since it was only an order for money, and was not legal tender.

3. EXECUTORS AND ADMINISTRATORS—REPRESENTATIVES OF DECEASED ADMINISTRATOR—LIABILITY FOR INTEREST.

Where an executrix holds a check made by her testator as administrator, she may be compelled to pay over any interest thereon which she actually received, or which she should have collected, but failed to collect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 423, 424.]

4. SAME—EXECUTOR OF AN ADMINISTRATOR—RIGHT TO ADMINISTER ESTATE ADMINISTERED BY TESTATOR.

An executor may not administer and distribute the assets of an estate of which her testator was administrator.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 532.]

On rehearing. Former decision overruled, order below reversed, and matter remitted to surrogate.

For former decision, see 105 N. Y. Supp. 1111.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

David Eilau, for appellant.

Harvey De Baun, for respondent.

JENKS, J.  We reversed the order of the surrogate, which determined that his court had no jurisdiction, except to entertain contempt proceedings or an application for leave to issue execution, and held that the executor could be compelled to deliver up any of the property which had come into her hands from the estate of which her testator was administrator.  The matter was thereupon remitted to the surrogate's court for a hearing upon the law and the merits.  113 App. Div. 468, 99 N. Y. Supp. 213.  The learned surrogate upon that hearing ordered that the said executor deliver up a certain check, dated June 22, 1894, for $606.66, made by the executor's testator as administrator, but denied the application in all other respects, without costs.  That order was affirmed.

On reargument, I think that we should hold that the order of affirmance was a mistake, in that its effect was to discharge the executor in the premises, not upon payment of the $606.66 as property received by her as aforesaid, but upon delivery of a mere specific order or draft, now 15 years old, for the payment of that sum.  If the executor had the money on hand, the applicant was entitled to it forthwith, and not to a stale order therefor.  His right to money was not affected by the fact that this check was once tendered in open court, with a consent to an adjournment until it should be honored, and that he refused it.  The check was not legal tender.  It was but a direction to a bank to pay the payee.  The money represented did not thereby become the property of the payee; nor was it put beyond the control of the maker of the check; nor did the check, before presentation, work an assignment of the moneys thereby ordered to be paid.  O'Connor v. Mechanics' Bank, 124 N. Y. 324, 26 N. E. 816.

If this executor came into possession of any interest received by the said administrator upon this $606.66, she could also be compelled to pay it over as assets received.  If, after receipt of the assets, she was chargeable with interest, either actually received by her thereon, or which she should have collected but did not, then she might be compelled to pay it over as an asset.  This executor cannot administer the assets of an estate of which her testator was administrator.  Matter of Moehring, 154 N. Y. 423, 48 N. E. 818.  If the legatee is entitled to interest, in addition to his legacy, whether by the misconduct of the administrator or by operation of law, it constitutes a claim against the estate of this executor's testator, and must be enforced as such claim; and the same is true of the individual check of that testator for $62.50.

The order is reversed, with $10 costs and disbursements, and the matter remitted to the surrogate, in so far as he has jurisdiction.  All concur.