MOORE LUMBER CO., INC., Plaintiff, *v.* MORRIS BEHRMAN, Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, July 11, 1932.

*Sidney V. Hirsh,* for the plaintiff.

*Bernard Lieberman,* for the defendant.

PRINCE, J. This action is brought by the plaintiff for labor performed and materials furnished to the premises 241 East Thirty-fifth street, New York city, pursuant to a contract between plaintiff and one Max J. Belmont. Prior to the making of the contract, the premises were owned by the Alil Realty Corporation, in which

Mr. Belmont was the principal officer and in charge of the premises. The Alil Realty Corporation thereafter conveyed a one-half undivided interest in the property to this defendant. Thereafter the plaintiff, pursuant to its contract with Mr. Belmont, performed the work and furnished the materials for which this defendant is sued.

I find as a fact that the plaintiff fully and competently performed the work and furnished the materials in the amount of $600, the claim for extra work having been withdrawn, and that the only question remaining in issue is one of law.

There was no evidence of any authority from the defendant to the plaintiff to do the work. The defendant contends that he is a tenant in common of the premises, and, therefore, he is not liable unless it is shown that he authorized the plaintiff to do the work. The plaintiff concedes that a tenant in common is not liable for the unauthorized acts of his cotenant, but contends that this defendant is a joint tenant. It would seem that the plaintiff is mistaken.

" The essence of a joint tenancy is that the joint tenants take and hold as though they together constituted one person  *  *  *. The four unities of (1) time — *that they acquire their interests at the same moment*, (2) title — *that they acquire their interests by the same deed or will*, (3) interest — that each have an interest identical with the interest of each of the other cotenants, and (4) possession — that they each be entitled to the common possession of the entire property, grow out of this one essential, the fictitious unity of the tenants, they holding together as though they were one." (Walsh Law of Real Prop. p. 345.)

" The four unities may all be present in a tenancy in common, and all except the unity of possession may be absent. They *must all* be present in a joint tenancy." (Walsh Law of Real Prop. p. 354.)

It is evident that in the case at bar the first two elements of a joint tenancy are absent.

Furthermore, a corporation cannot hold as a joint tenant, either with an individual or another corporation. (2 Black. Comm. 148; *Law Guarantee & Trust Soc. v. Governor, etc., of Bank of England,* 24 Q. B. Div. 406.)

The judgment must, therefore, be for the defendant.