■ BANK OF NEW YORK, Appellant, v FLORENCE SPIRO, Respondent. [700 NYS2d 207] —In an action, *inter alia*, to recover damages for unjust enrichment, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (McCarty, J.), dated February 26, 1999, which denied its motion for summary judgment, and (2) an order of the same court, dated May 17, 1999, which denied its motion, in effect, to vacate the dismissal of the action and to restore the case to the trial calendar.

Ordered that the orders are reversed, on the law, with one bill of costs, the motions are granted, and the matter is remit-

ted to the Supreme Court, Nassau County, for entry of a judgment in the principal sum of $153,100.70, without interest.

The plaintiff seeks to recover a sum of money mistakenly paid to the defendant. The Supreme Court denied the plaintiff's motion for summary judgment, finding issues of fact as to whether the plaintiff was negligent in making the erroneous payment. The plaintiff filed a notice of appeal from that order.

Thereafter, the plaintiff's counsel consented to the defendant's request to adjourn the trial. The plaintiff's counsel did not appear in court on the date originally scheduled for the trial believing that the adjournment had been approved by the court. The court, however, dismissed the action based on the default of the plaintiff's counsel in appearing. We now reverse both orders and grant summary judgment to the plaintiff.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion, in effect, to vacate the dismissal and to restore the case to the trial calendar. The plaintiff demonstrated both a reasonable excuse for its default and the existence of a meritorious cause of action (*see, Fama v American Intl. Group,* 266 AD2d 185; *Mansfield Farms v Questroyal Farm,* 167 AD2d 616).

Money paid under a mistake of fact may be recovered, even if the mistake was the result of the payor's negligence, unless the payee has detrimentally relied on the payment (*see, Banque Worms v BankAmerica Intl.,* 77 NY2d 362, 366-367; *Ball v Shepard,* 202 NY 247, 253; *Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113, 121-122). Therefore, contrary to the Supreme Court's conclusion, the plaintiff's negligence does not preclude recovery. The plaintiff established a prima facie case of its entitlement to judgment as a matter of law in the principal sum of $153,100.70. In opposition, the defendant failed to raise an issue of fact that she detrimentally relied on the erroneous payment. Accordingly, the court erred in denying the plaintiff's motion.

In an action of an equitable nature, an award of interest is within the court's discretion (*see,* CPLR 5001 [a]). Under the circumstances of this case, we decline to award interest. S. Miller, J. P., O'Brien, McGinity and Smith, JJ., concur.