■ EDITH L. COLLINS, Plaintiff, v HSBC BANK USA, Defendant and Third-Party Plaintiff-Respondent. AMANDA WILLIAMS et al., Third-Party Defendants-Appellants. [759 NYS2d 156] —In an action to recover the proceeds of a bank account which was erroneously paid to the estate of Arthur Medley, and a related third-party action, Amanda Williams and Dorothy Williams, individually and as joint administrators of the estate of Arthur Medley, appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Weiss, J.), dated January 23, 2002, as granted that branch of the cross motion of the third-party plaintiff HSBC Bank USA which was for summary judgment against them on its third-party complaint and is in favor of the third-party plaintiff HSBC Bank USA and against them jointly and severally in the sum of $58,774.90.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the third-party plaintiff HSBC Bank USA which was for summary judgment against the appellants on its third-party complaint is denied.

The appellants are administrators of the estate of Arthur Medley, who died on March 20, 1998. At the time of his death, Arthur Medley held a bank account at the defendant HSBC Bank USA (hereinafter HSBC) in trust for Carolina Miller. Carolina Miller died on June 19, 1998, without collecting the proceeds of the account. Thereafter, on July 22, 1998, HSBC mistakenly paid the proceeds of the account to the "Estate of Arthur Medley."

The plaintiff, as administrator of the estate of Carolina Miller, sued HSBC for the proceeds of the account and HSBC brought the instant third-party action against the appellants, individually and as administrators of the estate of Arthur Medley. The appellants claim that HSBC did not notify them of its mistake until the instant third-party action was commenced against them nine months after the payment was made.

The order and judgment appealed from grants summary judgment to the plaintiff against HSBC and summary judgment to HSBC against the appellants. At issue on this appeal is whether HSBC is entitled to summary judgment against the appellants individually for the payment mistakenly made to the estate of Arthur Medley.

Pursuant to EPTL 11-4.7 (b), the appellants would be individually liable for obligations arising from ownership or control of the estate or for torts committed in the course of administration of the estate only if they "failed to exercise reasonable care, diligence and prudence" (EPTL 11-4.7 [b]). HSBC failed to establish as a matter of law that the appellants failed to exercise reasonable care, diligence, and prudence.

Additionally, there are issues of fact as to whether HSBC's delay of nine months in notifying the appellants of the error resulted in prejudice to the appellants. It is alleged that by the time HSBC notified them of the error the appellants had distributed the funds to the creditors and distributees of the estate. Generally, if a payor pays money based upon the erroneous assumption that it is indebted to the payee, the payee is not entitled to retain the money acquired by the mistake of the payor, even if the mistake is the result of negligence (see Banque Worms v BankAmerica Intl., 77 NY2d 362, 366 [1991]; Bank of New York v Spiro, 267 AD2d 339 [1999]). However, where the receiving party has changed its position to its detriment in reliance upon the mistake recovery may be denied (see Banque Worms v BankAmerica Intl., supra at 366).

The appellants' remaining contention is without merit. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.