CHRIS FOUNTOUKIS, Appellant, v MARK GERINGER et al., Defendants, and ERIC D.W. COHLER, INC., Respondent. [822 NYS2d 644]—

In an action, inter alia, to recover damages for unjust enrichment and for money had and received, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated December 22, 2004, which denied his motion for summary judgment against the defendant Eric D.W. Cohler, Inc., and granted the cross motion of the defendant Eric D.W. Cohler, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, Chris Fountoukis, was induced by his accountant, the defendant Mark Geringer, to transfer the sum of $200,000 to the defendant Eric D.W. Cohler, Inc. (hereinafter Cohler). Fountoukis did so based upon Geringer's representation that the $200,000 purchased a tax loss that would result in a $50,000 tax credit, and that the principal sum would be fully repaid four days later. In fact, Cohler applied the $200,000 toward a $332,617.39 debt owed to it by Geringer for furniture and interior decorating services, and the money was disbursed by Cohler to its third-party suppliers based on its belief that the payment was intended to partially discharge Geringer's debt. Only after the $200,000 was not timely repaid and Fountoukis communicated with Cohler, did Fountakis and Cohler learn of the true circumstances by which the payment was made and received. Geringer moved to Panama, and is subject to a default judgment. Fountoukis's claims against Cohler seek return of the $200,000 on the grounds of unjust enrichment and, in essence, mutual mistake. Fountoukis and Cohler each moved for summary judgment.

The Supreme Court properly denied Fountoukis's motion and granted Cohler's cross motion. Cohler established its prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for money had and received (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326 [1986]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]). While the Supreme Court erroneously applied the "discharge for value" rule in favor of Cohler, as the rule appears limited to mistakes of banks in making electronic wire transfers under UCC 4-A-101 *et seq.* (*see Banque Worms v BankAmerica Intl.*, 77 NY2d 362, 374-375 [1991]), Cohler nevertheless established that any mistake of fact between it and Fountoukis regarding the transaction precipitated by Geringer's fraudulent misrepresentations resulted in detrimental reliance by Cohler in its payments to third-party suppliers, entitling Cohler to judgment in its favor (*see Bank of New York v Spiro*, 267 AD2d 339, 340 [1999]; *see also Banque Worms v BankAmerica Intl.*, *supra* at 366-367; *Collins v HSBC Bank USA*, 305 AD2d 361, 362 [2003]). Similarly, as to the cause of action for unjust enrichment, the plaintiff must look for recovery to Geringer, and not Cohler, since the $200,000 money transfer was performed at the behest of Geringer (*see Schuckman Realty v Marine Midland Bank*, 244 AD2d 400, 401 [1997]; *Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact as to either cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Indig v Finkelstein*, 23 NY2d 728, 729 [1968]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.