■ IOANNIS P. SIPSAS, Appellant, v JOSE VAZ et al., Respondents. [855 NYS2d 248]—

In an action to recover damages for malicious prosecution and abuse of process, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated June 8, 2007, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Ioannis P. Sipsas commenced this action to recover damages for malicious prosecution and abuse of process arising from a prior civil action brought against him by the defendants Jose Vaz and Antinea Vaz. In June 2006 the defendants withdrew their prior civil action against the plaintiff as part of a settlement agreement. Since the prior action was

not terminated in the plaintiff's favor, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging malicious prosecution (*see Hoppenstein v Zemek,* 62 AD2d 979 [1978]; *Pagliarulo v Pagliarulo,* 30 AD2d 840 [1968]; *see generally Guggenheimer v Ginzburg,* 43 NY2d 268 [1977]).

The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging abuse of process. "In its broadest sense, abuse of process may be defined as misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process" (*Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 38 NY2d 397, 400 [1975]). The mere institution of a civil action by summons and complaint is not sufficient to support a cause of action alleging abuse of process (*see Curiano v Suozzi,* 63 NY2d 113, 117 [1984]; *Leon v Couri,* 285 AD2d 493 [2001]). Moreover, the plaintiff's allegation, that the defendants committed the tort of "abuse of process" by wrongfully naming him as a defendant in the prior action, was insufficient to state such a cause of action (*see Leon v Couri,* 285 AD2d 493 [2001]). Furthermore, the plaintiff failed to allege, both in his complaint and in opposition to the defendants' motion, that the restraining order issued by the Supreme Court in the prior action was used to accomplish anything beyond its lawful purpose (*see Pomeranz v Bourla,* 257 AD2d 516 [1999]).

Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint.

The plaintiff's remaining contention is raised for the first time on appeal, and thus, it is not properly before us. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.