■ ISLAND FEDERAL CREDIT UNION, Appellant, v GERALD J. SMITH et al., Respondents. [875 NYS2d 198]—

In an action to recover the proceeds of a bank account, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered November 19, 2007, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied its cross motion for summary judgment dismissing the defendants' counterclaims.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied, and the plaintiff's

cross motion for summary judgment dismissing the defendants' counterclaims is granted.

In 1996, Bernard J. Mallon died and his will named Gerald K. Smith (hereinafter the Elder Smith) executor of his estate. On August 20, 1997, the Elder Smith opened a bank account (hereinafter the subject account) in the name of the Estate of Bernard J. Mallon at Island Federal Credit Union (hereinafter the plaintiff). The signature card for the subject account designated the Estate of Bernard J. Mallon as the "Primary Member" and the Elder Smith as "Joint Member #1" with rights of survivorship. After the Surrogate's Court issued final permanent letters testamentary in June 1999, the Elder Smith closed individual accounts held in Mallon's name and transferred the proceeds into the subject account. Subsequently, the Elder Smith died on October 31, 1999, and no successor executor was appointed for the Estate of Bernard J. Mallon. The Elder Smith's son, the defendant Gerald J. Smith (hereinafter the Younger Smith) was appointed executor of his estate. Based upon its belief that the subject account was a joint account with rights of survivorship and that the Younger Smith, as the Elder Smith's son and the executor of the Elder Smith's estate, was entitled to the funds in the subject account, the plaintiff located the Younger Smith in 2002 and paid the funds from the subject account to him. After an inquiry concerning the subject account by the residuary beneficiary of the Mallon estate, the plaintiff reviewed the subject account and concluded that it paid the proceeds of the subject account to the Younger Smith in error.

In May 2006, the plaintiff commenced this action against the Younger Smith, individually and as executor of the Elder Smith's estate, alleging, inter alia, that the proceeds of the subject account were distributed to him by mistake. In answering the complaint, the defendants asserted counterclaims alleging abuse of process and intentional infliction of emotional distress. Thereafter, the defendants moved, among other things, for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment dismissing the counterclaims. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion. We reverse.

The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint, which sought to recover the proceeds of the subject account under the theory that the money was paid by mistake, because they did not establish that the subject account was a joint ac-

count with rights of survivorship. A joint tenancy is defined as "an estate held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and creating in each joint tenant a right of survivorship" (24 NY Jur 2d, Cotenancy and Partition § 16; *see Matter of Kleinberg v Heller*, 38 NY2d 836, 841 [1976, Fuchsberg, J., concurring]; *Matter of Bricker v Krimer*, 13 NY2d 22, 27 [1963]; *Gotte v Long Is. Trust Co.*, 133 AD2d 212, 215 [1987]). As a general principle "[j]oint tenancies are typically confined to natural persons" (24 NY Jur 2d, Cotenancy and Partition § 18). Moreover, a corporation cannot hold property as a joint tenant with a natural person (*see Moore Lbr. Co., Inc. v Behrman*, 144 Misc 291, 292 [1932]). Furthermore, Banking Law § 675 operates under the assumption that joint tenants are natural persons who have a lifetime and a specific date of death. Here, although the Elder Smith is listed as a joint member, the account application states that the name of the subject account as well as its primary member is the "Estate of Bernard J. Mallon." Based upon the above, the estate, which is not a natural person, could not have created a joint tenancy with a natural person, the Elder Smith. Therefore, as a matter of law, the subject account is not a joint account.

"The principle that a party who pays money, under a mistake of fact, to one who is not entitled to it should, in equity and good conscience, be permitted to recover it back is long standing and well recognized" (*Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 117 [1990], citing *Ball v Shepard*, 202 NY 247, 253 [1911]). This rule applies even though the mistake is the result of the payor's negligence (*see Banque Worms v BankAmerica Intl.*, 77 NY2d 362, 366-367 [1991]; *Collins v HSBC Bank USA*, 305 AD2d 361, 362 [2003]). However, where the payee has "changed its position to its detriment in reliance upon the mistake so that requiring that it refund the money paid would be 'unfair,' recovery has been denied" (*Banque Worms v BankAmerica Intl.*, 77 NY2d at 366, quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 422 [1972], *cert denied* 414 US 829 [1973]; *see Bank of New York v Spiro*, 267 AD2d 339, 340 [1999]).

Here, the plaintiff distributed the subject account to the Younger Smith under the mistaken belief that it was a joint account that passed by operation of law to the surviving tenant, the Elder Smith and that, upon the Elder Smith's death, the Younger Smith, as the executor of the Elder Smith's estate and a distributee of the Elder Smith's estate was entitled to these funds. If the subject account was merely an estate account and the Elder Smith was only acting as the representative for the

Mallon Estate, the Younger Smith, as executor of the Elder Smith's estate, would not have been entitled to the proceeds of the subject account. An executor may not administer and distribute the assets of an estate of which his testator was administrator (*see Matter of Collyer*, 124 App Div 16, 18 [1908]). Additionally, the Younger Smith was never appointed to be the successor administrator of the subject account (*see* SCPA 706 [2]).

Although there is evidence that the Younger Smith spent all the proceeds of the subject account, the issue of his detrimental reliance and to what extent it would be unjust to require him to reimburse the plaintiff presents questions of fact which should not be resolved on summary judgment (*see Collins v HSBC Bank USA*, 305 AD2d at 362). Therefore, the Supreme Court improperly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

With respect to the cross motion, the plaintiff established its prima facie entitlement to judgment dismissing the defendants' counterclaims to recover damages for abuse of process and intentional infliction of emotional distress. A claim to recover damages for abuse of process cannot be based on the mere commencement of an action by summons and complaint, without unlawful interference with person or property (*see Curiano v Suozzi*, 63 NY2d 113, 116-117 [1984]; *Sipsas v Vaz*, 50 AD3d 878, 879 [2008]; *Mago, LLC v Singh*, 47 AD3d 772, 773 [2008]). Moreover, the plaintiff established that its actions fell short of the requisite "extreme and outrageous conduct" necessary to sustain the counterclaim to recover damages for intentional infliction of emotional distress (*Mago, LLC v Singh*, 47 AD3d at 773; *see Ralin v City of New York*, 44 AD3d 838, 839 [2007]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 720 [2003]). In opposition, the defendants failed to raise a triable issue of fact. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 33716(U).]