OPINION OF THE COURT
Gary F. Knobel, J.
Defendant pro se seeks to recover, pursuant to his counterclaim, monetary damages and attorney fees in the amount of $15,000, as a result of plaintiff Palisades Collection, LLC’s purported abuse of process and malicious prosecution against him, together with the imposition of sanctions against Palisades (and its attorneys) pursuant to 22 NYCRR 130.1-1 based upon their conduct in this action and a prior action against the defendant.
The issue as to whether sanctions should be imposed — when an action has been discontinued and an identical action is then commenced and discontinued — appears to be a case of first impression.
The extensive litigation history between the parties is summarized as follows:
In 2005, Palisades commenced a lawsuit (index No. 33224/05) against the defendant to recover monies ($883.83) allegedly owed by the defendant to plaintiffs assignor, AT&T, for charges incurred under a cellular telephone service contract. The defendant filed an answer but did not assert a counterclaim. It is unclear whether Palisades attempted to discontinue the suit prior to the arbitration mandated by 22 NYCRR 28.2 (b), or during arbitration. What is undisputed is that (1) the arbitrator found in favor of the defendant, in an award dated May 12, 2006, because “[pRaintiff did not provide any evidence,” and (2) Palisades did not contest the finding and attempted to file a “Notice of Discontinuance without prejudice” dated August 12,. *818 2006. In an order dated April 3, 2007, the court (Kluewer, J.), pursuant to a motion made by the defendant, directed the Clerk of the Civil Term to enter a judgment in favor of defendant dismissing the complaint under index No. 33224/05. A judgment was entered in defendant’s favor on May 24, 2007, and defendant was awarded statutory costs. The defendant subsequently moved to increase the amount of the costs awarded; the motion was denied on September 25, 2007 (Engel, J.). Shortly thereafter another motion made by defendant was deemed by the court to be a motion to renew and/or reargue the motion to increase the amount of costs, and was denied in its entirety on November 20, 2007 (Engel, J.).
The action at bar was commenced against the defendant in 2006, and is identical to the 2005 action by the plaintiff against the defendant, except for the approximately $180 increase in the amount sought to be recovered. In response to the complaint, the defendant filed and served an inartfully drafted answer which asserted claims sounding in abuse of process and malicious prosecution, and sought an award of reasonable attorneys fees and sanctions against the plaintiff and its law firm. The defendant then moved to dismiss the action and place the matter on the inquest calendar to assess defendant’s damages. The court on February 5, 2007 (Ricigliano, J.), held that since this case was on the arbitration calendar awaiting a hearing date, it was not necessary to place this case on the inquest calendar. The court also denied plaintiffs application to discontinue the action because the plaintiff failed to follow the procedures set forth in CPLR 3217 and the defendant refused to execute the stipulation.
An arbitration was conducted pursuant to 22 NYCRR 28.2, and in a report and award dated September 18, 2007, the arbitrator granted plaintiff’s application to dismiss the complaint (“plaintiff withdraw [sic] the complaint and moved to dismiss action”), and dismissed defendant’s counterclaim “for failure to state a cause of action.” The award was filed by the Commissioner of Arbitration in the Civil Clerk’s office on November 2, 2007. Instead of filing a trial de novo, the defendant subsequently made a motion, which was deemed by the court to be an application by the defendant to file a trial de novo on defendant’s counterclaim, and as such was granted (see order dated Mar. 10, 2008, Knobel, J.). Plaintiff moved to reargue; the court adhered to its March 10, 2008, order and set a trial date on defendant’s counterclaim (see order dated Oct. 6, *819 2008, Knobel, J.). At trial, the defendant testified that he never consented to the discontinuance of the 2005 action and the 2006 action, and that the 2006 action is essentially a frivolously filed second suit involving the very same issue and language as in the discontinued 2005 action (transcript at 51). Defendant further testified that the purported phone bill the defendant allegedly owes is neither correct nor complete (transcript at 66-67), and the plaintiff intentionally decided to harass and hurt the defendant by filing frivolous information to credit reporting agencies (transcript at 70, 111). Defendant maintains that as a result of plaintiffs actions he is entitled to damages (transcript at 143).
A representative from the plaintiff did not testify at trial; however, plaintiffs lawyer testified that the commencement of the 2006 action was a mistake that “should not have been sent out” and he had attempted to discontinue (transcript at 375). Plaintiffs attorney admitted that a former paralegal of the firm misread the file, that the 2006 action is the same as the 2005 action, and immediately upon discovering this mistake he attempted to withdraw and discontinue the action several times; defendant refused each time (transcript at 382).
The court will first determine defendant’s claims of abuse of process and malicious prosecution. In order for a party to bring a claim for abuse of process, three elements must be met: (1) there must be “regularly issued process, either civil or criminal”; (2) there must be “an intent to do harm without excuse or justification”; and (3) there is a “use of the process in a perverted manner to obtain a collateral objective” (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). All three elements must be established in order to have a cause of action for abuse of process (see id.; see also Mago, LLC v Singh, 47 AD3d 772, 773 [2008] [a counterclaim failed because it failed to allege “any actual misuse of the process to obtain an end outside its proper scope”]). “A claim to recover damages for abuse of process cannot be based on the mere commencement of an action by summons and complaint, without unlawful interference with person or property” (Island Fed. Credit Union v Smith, 60 AD3d 730, 733 [2009]).
This is precisely what has occurred in this case. The defendant accuses Palisades of abuse of process merely based upon the fact that it had commenced proceedings against him. At no point throughout the trial did defendant prove, by a preponderance of the credible evidence, any malicious intent behind the *820 filing of the complaint by Palisades, or an ulterior motive to do “harm without justification.” Consequently, that part of his counterclaim seeking damages for abuse of process is dismissed.
Similarly, defendant’s counterclaim for malicious prosecution must also be dismissed for lack of proof of each of the required elements of (1) malice, (2) want of probable cause and (3) a successful termination of the precedent action in defendant’s favor (see Burt v Smith, 181 NY 1, 5 [1905]; Sipsas v Vaz, 50 AD3d 878, 879 [2008]; Hoppenstein v Zemek, 62 AD2d 979 [1978]; Pagliarulo v Pagliarulo, 30 AD2d 840 [1968]; see also Note, Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis, 88 Yale LJ 1218 [1979]). As for the last requirement, in neither the 2005 action nor the 2006 action did the court rule in favor of the defendant on the merits of plaintiffs cause of action. Consequently, the defendant did not have a basis to assert a claim for malicious prosecution (see Sipsas v Vaz, supra; Pagliarulo v Pagliarulo, supra).
The court further finds that the defendant failed to prove by a preponderance of the credible evidence that he sustained any damages as a result of plaintiffs purported actions, inter alia, of informing credit reporting agencies about defendant’s alleged debt.
The court will now determine the last question presented regarding the imposition of sanctions.
“In its discretion, a court may award costs and financial sanctions against an attorney or party resulting from frivolous conduct” (Flaherty v Stavropoulos, 199 AD2d 301, 302 [1993], citing 22 NYCRR 130-1.1 [a]). The Appellate Division, Second Department, has stated that frivolous litigation causes a substantial waste of judicial resources to the detriment of those litigants who come to the court with real grievances (see Weinstock v Weinstock, 253 AD2d 873, 874 [1998]; see also Bernadette Panzella, P.C. v DeSantis, 36 AD3d 734, 736 [2007]). Pursuant to part 130 of the Rules of the Chief Administrator of the Courts, frivolous conduct is defined as conduct that is
“(1) . . . completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; “(2) . . . undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or “(3) [conduct that] asserts material factual statements that are false” (22 NYCRR 130-1.1 [c] [1], [2], [3]). *821 The Court rule further states that “[i]n determining whether the conduct undertaken was frivolous, the court shall consider, among other issues[,] the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, or should have been apparent, or was brought to the attention of counsel or the party” (22 NYCRR 130-1.1 [c] [emphasis added]; see Glenn v Annunziata, 53 AD3d 565, 566 [2008]; Navin v Mosquera, 30 AD3d 883 [2006]).
Although Palisades’ first action to collect an allegedly unpaid bill from defendant is not specifically in issue, the question now is whether Palisades’ subsequent filing and attempted discontinuance of the second suit qualifies as frivolous conduct and warrants the imposition of sanctions and costs.
The court finds that the pattern of conduct by Palisades was frivolous, wasted judicial resources (and the defendant’s time) and warrants the imposition of sanctions against it (see Levy v Carol Mgt. Corp., 260 AD2d 27, 33-34 [1999]). Plaintiff attorney’s mea culpa at trial does not excuse or condone plaintiffs conduct. The merit of the 2005 action, or this action, has never been proven. Many meritorious claims are never filed with the court, yet plaintiff chose to recommence a near identical action against an individual who, as the trial testimony and evidence bore out, has been very litigious. It is not clear why the 2005 action was never fully pursued and instead discontinued without prejudice. If the plaintiff truly intended not to pursue further litigation with the defendant, or if it believed it would have difficulty proving its case, it should have discontinued the action with prejudice.
The inevitable inference and conclusion to be drawn from the plaintiff s conduct in the 2005 action, coupled with its failure to discontinue or seek to have its action at bar dismissed with prejudice by the abritrator, is that both actions were frivolous and meant to harass the defendant (22 NYCRR 130-1.1 [c]).
The defendant also requests an award of “expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct” (see 22 NYCRR 130-1.1 [a]; see also 22 NYCRR 130-1.2). However, there was no evidence of any damages or expenses incurred by defendant, and there is no basis *822 for the court to award defendant attorneys fees since he is a self-represented litigant (see Kay v Ehrler, 499 US 432 [1991]; Matter of Leeds v Burns, 205 AD2d 540 [1994]).
Accordingly, the court sanctions Palisades Collection, LLC, in the amount of $500, which shall be deposited with the Clerk of the Court within 20 days after the service of a copy of this order on the plaintiff, for transmittal to the State Commissioner of Taxation and Finance (see 22 NYCRR 130-1.3; see Martinez v New York City Tr. Auth., 218 AD2d 643 [1995]).
The plaintiff shall submit a judgment dismissing defendant’s counterclaim. There will be no award of costs to the plaintiff.